ELLA R. DAVIS ET AL. V. J. L. BEALL.

Decided April 1, 1899.

1. **Evidence—Hearsay—Opinion.**

Testimony by a witness that he did not know why a judgment nil dicit was rendered, but thought it was by agreement; that he had a conversation with an attorney, since deceased, who told him that he represented the party against whom the judgment was rendered, and that there was a written agreement with such attorney,—is obnoxious to the objection that the written agreement was the best evidence, and that the testimony is hearsay and matter of opinion.

2. **Same—Transaction with Decedent—Guardian.**

The death of a guardian by whom a judgment was recovered for the benefit of his wards does not render the defendant in that judgment incompetent to testify to a conversation with the guardian after the judgment was rendered, in an action by such defendant seeking to restrain the execution of the judgment. Rev. Stats., art. 2302.

3. **Guardian and Ward—Compromise by Guardian.**

A guardian can not compromise a claim without the consent of the court appointing him, and in which the estate is being administered. Rev. Stats., arts. 1987, 2558, 2523.

4. **Admissions by Part Owner Not Binding on the Other.**

The admissions by the owner of one-half of a judgment are not admissible against the owner of the other half to affect the validity of the judgment.

**5. Parol Evidence—Lost Execution.**

Parol evidence is admissible to show what was done with an execution, and why it was returned, where its issuance is shown by the execution docket, and the papers of the cause, including the execution, are lost.

**6. Judgment—Dormancy.**

A judgment on which execution issued within one year after its rendition did not become dormant until the expiration of ten years thereafter, although no other executions were issued. Rev. Stats. 1879, art. 3210.

**7. Execution—Levy No Satisfaction, When—Injunction.**

That the sheriff has levied upon land that does not belong to the execution debtor does not constitute any ground for an injunction by the latter to restrain the enforcement of the execution.

**8. Pleading—Injunction—Sale of Bank Stock.**

A bill to enjoin a levy on bank stock in which the execution debtor has an equity should state the nature of the equity, so that the court can determine whether or not he would be injured by a sale thereof.

APPEAL from Hunt. Tried below before Hon. HOWARD TEMPLETON.

*Charles Crenshaw* and *Byrd & Mead,* for appellants.

*Montrose & Clark,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—On August 26, 1886, in the District Court of Hunt County, Texas, in cause No. 2049, Ella R. Davis and R. M. Grubbs, now deceased, as the guardian of the estate of Blanche, Pearl, and D. W. C. Davis, Jr., minors, recovered a judgment against J. L. Beall, R. H. Long, and J. L. Blain, for the sum of $2255.54, with interest from date at the rate of 10 per cent per annum, together with costs of suit. On November 16, 1886, execution was issued upon this judgment and placed in the hands of the sheriff of Hunt County, and returned no property found. On January 8, 1887, order of sale was issued upon this judgment, which foreclosed a lien upon certain property sold to J. L. Beall and placed in the hands of S. J. Mason, sheriff of Hunt County, and the property sold under this writ for the sum of $100 to Ella R. Davis, one of the appellants herein. That on August 11, 1890, another execution was issued upon said judgment and placed in the hands of the sheriff of Hunt County, Texas. And that on January 22, 1898, another execution issued upon this judgment and writ of garnishment was sued out against the City National Bank, of Greenville, Texas, and both writs placed in the hands of R. M. Patton, the sheriff of Hunt County, Texas, and said officer caused to levy the writ of execution on certain real and personal property and to serve the said writ of garnishment upon the said bank. That on the 17th day of February, 1898, J. L. Beall, one of the defendants in the original suit and the appellee herein, filed his petition in the District Court of Hunt County, Texas, asking and praying for writ of injunction to restrain these appellants and the said sheriff from further executing writs of execution and garnishment issued on said 22d day of January, 1898. That on the 16th day of February, 1898, said J. L. Beall obtained the order and fiat of the district judge,

Howard Templeton, of the Eighth District, ordering the district clerk of Hunt County, Texas, to issue the writs of injunction to these appellants, and R. M. Patton, sheriff aforesaid, upon entering into bond in the sum of $500, as required by law, enjoining any further action on the part of these appellants and said sheriff of Hunt County, Texas, on said writs until further action of the court on same. That since the rendition of the original judgment in cause No. 2049, Blanche Davis intermarried with A. C. Turner, and Pearl Davis became 21 years old, and their guardian, R. M. Grubbs, departed this life in Grayson County, on April 21, 1897, and Ella R. Davis was duly appointed the guardian of the estate of D. W. C. Davis, minor. That on the 28th day of April, 1898, the District Court of Hunt County, Texas, upon the trial of the cause, rendered a judgment in favor of said J. L. Beall, appellee herein, perpetuating said injunction against these appellants and said Patton, sheriff of Hunt County, and his successors in office, from further executing said writs of execution and garnishment issued on said judgment No. 2049, rendered in the District Court of Hunt County on the 26th day of August, 1886, in favor of these appellants, and decreeing that said judgment is null and void as to this appellee, J. L. Beall. From this judgment an appeal has been duly perfected to this court.

*Opinion.*—Appellants' first assignment of error complains of the action of the court in admitting, over the objection of the defendants, the answer of the witness J. E. Gilbert to the following question propounded by plaintiff: "I see in the District Court minutes a judgment rendered August 26, 1886, in favor of Ella R. Davis et al. v. J. L. Beall et al. Can you state to the court why a judgment was rendered against J. L. Beall nil dicit?" To which the witness answered, "that he did not know why judgment was rendered; that he thinks that it was by agreement, but does not know; that he had a conversation with Judge Terhune, who is dead, and he told him that Terhune represented Beall, and that there was a written agreement with plaintiff Beall's attorney, but don't know whether or not Beall ever became a party to said agreement; that he and his firm represented R. H. Long & Co., and that the agreement was made in the case of Goss-Phillips Manufacturing Company v. R. H. Long & Co." The objection to this evidence was, (1) that the written agreement was the best evidence, and it was not known who were the parties to it; (2) because it was the mere opinion of the witness; (3) because it was hearsay.

The evidence was objectionable for the reasons stated. The witness stated he did not know why the judgment was rendered, and then detailed a conversation had with a third party. This conversation was hearsay.

Appellants' second assignment of error complains of the ruling of the court in admitting over the objection of the defendants the following testimony of the plaintiff J. L. Beall: "I had a talk with Major Grubbs, and he asked me if I would clean up and paint this machinery and deliver it at the depot at Greenville and he would settle with me; to do it as

cheaply as possible. I saw Major Grubbs about the time the machinery was ready to be shipped, and he asked me what my charges were and he thanked me and started off, and then turned around and said that I did not settle with you on that matter; to pay out $80 and add on that machinery now; of course it is according to contract, but hold that matter and I will never bother you any more with the machinery." At the time this conversation took place Major Grubbs was the guardian of the minors in the original suit, and the conversation took place after the judgment rendered therein. The objection to the testimony was, first, that a conversation with the guardian, Grubbs, now deceased, is not competent unless called by the opposite party; second, the evidence does not show that the guardian had authority from the probate court to compromise the debt, and he could not lawfully compromise without such order; and third, Mrs. Davis, a half owner of the judgment, was not a party to said agreement.

The first exception is not well taken. The testimony was not objectionable under the statute. Rev. Stats., art. 2302; Potter v. Wheat, 53 Texas, 401. The other exceptions are well taken. The guardian could not compromise the claim without the consent of the court appointing him and in which the estate was being administered. Sayles' Civ. Stats., arts. 1987, 2558-2623; Rainey v. Chambers, 56 Texas, 17.

Ella R. Davis was not a party to this agreement. She was the owner of one-half of the judgment. The evidence was not admissible against her.

The third assignment of error complains of the action of the court in admitting, over the objection of the defendants, the testimony of the plaintiff J. L. Beall as to his conversation with Judge Terhune. This evidence was subject to the objection that it was hearsay. The court should have sustained the exception and excluded the testimony.

The fourth assignment of error complains of the action of the court in refusing to admit the testimony of R. R. Neyland to the effect that he had an execution issue upon the judgment in favor of Ella R. Davis et al. v. J. L. Beall et al., on the 16th day of November, 1886, and placed it in the hands of the sheriff of Hunt County, and when it was ascertained that there was no property to be found upon which to levy and satisfy the same, then he ordered the sheriff to return the writ, no property found.

The objection to this evidence was, that the record was the best evidence.

The execution docket showed that an execution did issue on the judgment on November 16, 1886. The indorsements on the execution docket were not as full as the statute required, in that the execution docket did not show the amount of costs. The docket did show that the execution was turned over to S. J. Mason, sheriff of Hunt County. We think the indorsements on the execution docket were sufficient to show that an execution issued on November 16, 1886, on that judgment. It will be presumed that the officer did his duty and that the execution was a legal execution. There is evidence in the record that the papers of the cause, in-

cluding this execution, are lost. The evidence of Neyland was admissible to show what was done with this execution and why it was returned. This evidence should have been admitted.

We think the court erred in refusing to admit the testimony of the witness Matthews. The evidence tended to explain the testimony introduced by plaintiff in reference to the agreement.

The sixth assignment of error is well taken. The testimony of the witness Hefner complained of was hearsay, and ought not to have been admitted.

Appellants' seventh assignment of error complains of the court's fourth finding of fact and its second additional finding of fact, in which the court finds that an agreement was made, by which the claim of the defendants was settled and compromised and J. L. Blain assumed the same, and that said agreement was ratified by D. W. C. Davis or his legal representatives.

We have carefully examined the statement of facts and fail to find any evidence that would sustain the above conclusions. Appellee contends that the agreement of 1883 sustains this finding.

The record fails to show any evidence that D. W. C. Davis accepted R. H. Long and J. L. Blain, in 1883, for the debt and released plaintiff Beall. When suit was instituted in 1886 he asserted a debt against Beall and recovered a judgment against him.

Outside of the improper evidence admitted, and above discussed, there is no evidence to support these findings.

Appellants' eighth assignment of error challenges the court's third conclusion of law, which is: "I find that if said judgment has never been paid off and discharged, that the same is barred by the statute of limitations, for from the memorandum indicating that there were executions issued on said judgment as shown by the finding of fact, the last act of legal diligence before the issuance of the execution, on the 22d day of January, 1898, was on the 8th day of January, 1887, for after the enactment of the Revised Civil Statutes of Texas in 1879, in order to preserve the vitality of said judgment, there should have been issued execution at least every twelve months, and such was the law until 1895, which related to the statute which was in force prior to the adoption of the Revised Statutes of 1879."

The judgment was obtained while the Revised Statutes of 1879 were in effect, and it is contended that by article 3210 of said statutes, in order to keep a judgment alive, execution must issue thereon every year. This court has heretofore construed said article and held to the contrary. Coal Co. v. Bank, 12 Texas Civ. App., 334. It is held in that case that where execution issued within one year after the rendition of the judgment, it will not become dormant within ten years thereafter. We think this holding correct. It follows that the above conclusion of the trial judge is error. Millican v. Ware, 84 Texas, 309; Low v. Felton, 84 Texas, 378.

Appellants' ninth assignment of error complains of the action of the

court in overruling certain special exceptions to the plaintiffs' petition. The petition alleged as one of the grounds for granting an injunction that the sheriff had levied the execution sought to be restrained upon "divers tracts of land belonging to other persons than plaintiff, claiming the same to be the property of the plaintiff, and has levied the same upon certain bank stock of the City National Bank of Greenville, in which this plaintiff has an equity." The contention is that the petition shows no injury by the levy, and that hence plaintiff can not invoke the equitable power of the court. We think it clear that the plaintiff was not entitled to relief because the sheriff had levied upon "divers tracts of land in Hunt County belonging to other persons than plaintiff."

We also think it clear that if plaintiff sought to enjoin the levy on the bank stock, in which he had an equity, he should state the nature of the equity so the court could determine whether he would be injured by a sale thereof.

The above disposes of the remaining assignments, and they will not be discussed. The judgment is reversed and the cause remanded.

*Reversed and remanded.*