BRAZOS ELECTRIC POWER COOPER-
ATIVE, INC., Appellant,

v.

SOUTHWESTERN GAS PIPELINE,
INC., Appellee.

No. 5019.

Court of Civil Appeals of Texas,
Eastland.

Aug. 4, 1977.

Philip R. Segrest, Smith, Segrest, Mills & Cameron, Waco, Tom Creighton, Creighton & Cleveland, Mineral Wells, for appellant.

John P. Ritchie, Mineral Wells, Louis B. Paine, Jr., Houston, for appellee.

McCLOUD, Chief Justice.

This is a venue case. Plaintiff, Southwestern Gas Pipeline, Inc., sued defendant, Brazos Electric Power Cooperative, Inc., in Palo Pinto County seeking a declaratory judgment that its written contract to furnish natural gas to Brazos Electric was terminated as of June 30, 1976, because defendant failed to comply with certain provisions of the contract. Brazos Electric filed a plea of privilege asserting that its residence was in McLennan County. Southwestern Gas filed a controverting plea alleging venue was proper under Subdivisions 5 and 23 of Article 1995, Vernon's Ann.Civ.Stat. The trial court overruled defendant's plea of privilege and it has appealed. We reverse and render.

Brazos Electric first argues that we should dismiss the case because under the recently enacted Public Utility Regulatory Act, Article 1446c, Vernon's Ann.Civ.Stats., exclusive jurisdiction to hear the subject matter of the cause is expressly given to the Texas Railroad Commission. Defendant cites *Southwestern Bell Tel. Co. v. City of Kountze*, 543 S.W.2d 871 (Tex.Civ.App.— Beaumont 1976, no writ) as authority for dismissal, and points out that Sec. 19(b) of the Public Utility Regulatory Act provides that the "railroad commission shall have exclusive original jurisdiction over the rates and services of gas utilities distributing natural gas or synthetic gas in areas outside the limits of municipalities." Southwestern answers that the instant case involves termination rights under a contract and argues the Act does not give the Texas Railroad Commission exclusive jurisdiction to determine such issues. It relies upon *Railroad Commission of Texas v. City of Austin*, 524 S.W.2d 262 (Tex.1975); *Southern Union Gas Co. v. City of Port Neches*, 544 S.W.2d 176 (Tex.Civ.App.—Beaumont 1976, no writ); and *Crystal City v. Lo-Vaca Gathering Company*, 535 S.W.2d 722 (Tex.Civ.App.— El Paso 1976, ref. n. r. e.), in support of its argument.

■ This is an appeal of an interlocutory order under Article 2008, Vernon's Ann.Civ. Stats., and we have jurisdiction only to consider venue questions. The rule restricting our jurisdiction was stated clearly in *Johnson v. Sharpstown State Bank*, 508 S.W.2d 73 (Tex.1974), wherein the court said:

"Plaintiff, Emery O. Johnson, sued the Defendants, Sharpstown State Bank, et al., a state bank in liquidation, seeking to have a note to said bank declared void. The suit was filed in Dallas County. The bank is domiciled in Harris County. Upon the bank's plea of privilege and in accordance with Article 342–801 et seq., V.A.C.S., the trial court in Dallas County transferred the cause to the District Court of Harris County. Emery O. Johnson appealed to the Court of Civil Appeals on points of error dealing with venue. The Court of Civil Appeals dismissed the cause, reasoning that Article 342–801 et seq. provided exclusive jurisdiction in

Harris County. Tex.Civ.App., 503 S.W.2d 667.

An order sustaining or overruling a plea of privilege is interlocutory. It is appealable only by virtue of Article 2008. The Court of Civil Appeals had jurisdiction to consider only the questions concerning venue. Its dismissal of the cause conflicts with Article 2008 and *Texas State Board of Examiners in Optometry v. Carp*, 162 Tex. 1, 343 S.W.2d 242 (1961)."

The contract in question which designates Plaintiff, Southwestern Gas Pipeline, Inc., as "Seller" and defendant, Brazos Electric Power Cooperative, Inc., "Buyer", provides in part:

"Buyer owns and operates an electric generating station in Parker County, Texas, situated approximately twelve miles east of the City of Weatherford, Texas (which station is sometimes referred to as 'the NTSP Plant'), and an electric generating station in Palo Pinto County, Texas, situated approximately nine miles northeast of the City of Gordon, Texas, (which station and any enlargements thereof, additions thereto and extensions thereof and herein referred to as the 'Miller Plant') and which stations and the related facilities and any enlargements and additions thereto are herein referred to collectively as 'the Plants':

. . . . .

The points of delivery of all gas sold and delivered by Seller to Buyer hereunder shall be at the outlet side of Seller's regulating and metering stations at or near the sites of the Plants to which the same is delivered.

. . . . .

Buyer agrees that on or before October 1, 1972, it will submit to Seller a written estimate of the daily maximum and annual total fuel requirements for the Buyer's Plants for the calendar years 1973 through 1977. On or before October 1 of each year thereafter, Buyer shall submit to Seller a written estimate of the daily maximum and annual total fuel requirements for the fifth succeeding calendar year, and Buyer further agrees to take or pay for a minimum of eighty (80) percent of such annual total fuel requirement estimates."

Keith Klugston, Vice-President and General Manager of Southwestern Gas, testified that Southwestern sold gas under the contract to Brazos Electric in Palo Pinto County. He stated that Brazos Electric had not taken or paid for eighty percent of its fuel requirements during the year 1975. On cross examination he testified: "they did not take their estimated annual value, eighty percent of that." He also testified that to his knowledge Southwestern Gas had not rendered a bill to Brazos Electric showing the amount it was deficient and Brazos had never refused to pay any amount it might be deficient.

■ Southwestern Gas argues venue is proper in Palo Pinto County under Subdivisions 5[1] and 23[2] of Article 1995, Vernon's Ann.Civ.Stats. We disagree.

There is no evidence, as required by Subdivision 5, that the written contract by its terms provides for performance in Palo Pinto County of the obligation sued upon. Also, there is no evidence, as required by Subdivision 23, that the contract was breached in Palo Pinto County.

The contract expressly provides that payment is to be made in Houston, Texas. To establish a breach, plaintiff must first establish a duty. Under the contract defend-

---

**1.** Subdivision 5 states in part: "Contract in writing. (a) Subject to the provisions of Subsection (b), if a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

**2.** Subdivision 23 states in part: "Corporations and associations. Suits against a private corporation, association, or joint stock company may be brought in the county in which its principal office is situated; or in the county in which the cause of action or part thereof arose; . . . ."

ant had the option to "take" gas at its plant in Palo Pinto County, or at its plant in Parker County, or it could "pay" for the gas not taken. Plaintiff could not require defendant to "take" any gas in Palo Pinto County.

Plaintiff points out it is not seeking damages for defendant's failure to pay, but is seeking termination of the contract because of defendant's failure to comply with its terms. Defendant cites *Lone Star Gas Co. v. Municipal Gas Co.*, 117 Tex. 331, 3 S.W.2d 790 (1928) as authority in support of its argument that the forfeiture or termination clause in the contract is against public policy and plaintiff is relegated to its remedy in damages. We will not decide the issue of the enforceability of the forfeiture clause.

Plaintiff seeks to terminate the contract because defendant has breached the "take or pay" clause. This is the obligation in question whether plaintiff seeks damages or termination as a remedy. The fact that defendant has received gas in Palo Pinto County is not controlling. The only obligation that plaintiff could rely upon for termination is the failure to "pay" because defendant has no obligation under the contract to "take" any gas at its plant in Palo Pinto County. Defendant has the option to "take or pay". We hold that plaintiff has failed to prove that venue is proper in Palo Pinto County. See *Rorschach v. Pitts*, 151 Tex. 215, 248 S.W.2d 120 (1952) and *Delhi Gas Pipeline Corporation v. Allgood*, 492 S.W.2d 651 (Tex.Civ.App.—Tyler 1973, no writ).

Judgment of the trial court is reversed and judgment is rendered transferring the cause to McLennan County.