**ELGIN CRAFTSMEN, INC., Appellant,**

v.

**Dale ALLEN, Appellee.**

**No. 20620.**

Court of Civil Appeals of Texas, Dallas.

Nov. 20, 1980.

Rehearing Denied Dec. 16, 1980.

Mark W. Owen, Owen, Jones & Bogard, Elgin, for appellant.

Robert F. Henderson, Allen, Knuths & Cassell, Dallas, for appellee.

Before CARVER, STOREY and HUMPHREYS, JJ.

HUMPHREYS, Justice.

Elgin Craftsmen, Inc. appeals from a judgment overruling its plea of privilege to have the suit transferred to the county of its domicile, Bastrop County. Dale Allen, appellee, successfully maintained venue in the district court of Dallas County under Tex.Rev.Civ.Stat.Ann. art. 1995(23) (Vernon 1964), pleading and proving that the sales in question were made in Dallas County for which commissions were earned but unpaid by appellant. We affirm.

Allen, a long time furniture manufacturer's representative who resides in Dallas County, and Elgin Craftsmen, acting by and through its authorized officer, reached an oral agreement in September 1977, that Allen would represent Elgin Craftsmen in selling its furniture in North Texas, Oklahoma, Eastern New Mexico and Western Arkansas. It is undisputed that Dallas County lies within the specific sales territory germane to this case. Most of the details of their business agreement were worked out in person at a meeting in Dallas; however, the commission rate remained unresolved until appellant's secretary-treasurer returned to Elgin, Texas. While in Elgin, appellant telephoned appellee at his home in Dallas and told him that Elgin Craftsmen, Inc. would pay the six percent commission he demanded.

The appellant contends its plea of privilege should have been sustained because the contract was made in Bastrop County when appellant telephoned appellee and accepted his demanded six percent commission; and, the cause of action or part thereof did not arise in Dallas County within the meaning of article 1995(23). Subsection 23 reads in pertinent part as follows:

> Suits against a private corporation, association, or joint stock company may be brought in the county in which its principal office is situated; *or in the county in which the cause of action or part thereof arose*; or in the county in which the plaintiff resided at the time the cause of action or part thereof arose, provided such corporation, association or company has an agency or representative in such county; ... [Emphasis added.]

We agree with appellant that the contract was made in Bastrop County; however, we hold that a part of the cause of action arose in Dallas County. Consequently, the trial court properly overruled appellant's plea of privilege.

Both parties cite *Traders Oil Mill Co. v. Arnold Bros. Gin Co., Inc.*, 225 S.W.2d 1011 (Tex.Civ.App.—Galveston 1949, no writ), but for different purposes. In that case, plaintiff and defendant made a contract over the telephone in which defendant agreed to purchase cotton seed from the plaintiff. Plaintiff was domiciled in Houston County, and pursuant to the agreement, delivered cotton to a carrier in Houston County. The carrier delivered the cotton to defendant in Tarrant County, where defendant accepted it but refused to pay. Venue was held to be proper in Houston County. Appellant cites the case for the proposition that this record shows the contract was made in Bastrop County when it accepted appellee's demand for a specific commission rate. On the other hand, appellee relies on *Traders Oil Mill* to show that he proved that part of his cause of action arose in Dallas County. Thus, he reasons that venue in Dallas County is proper.

■ Appellant argues that performance at the contemplated point in the contemplated county is an absolute condition to its obligation and a condition precedent to appellee's right to demand payment for the commissions in question. Accordingly, we have examined the record for evidence that Dallas County was a contemplated county for performance. At the venue hearing, Allen introduced, without objection, a map which included Dallas County. This exhibit was mailed to him by appellant, dated September 19, 1977, with the opening sentence "[E]nclosed you will find 1978 Price Lists and a map describing sales territories." Appellant concedes that Dallas County is identified in the map and is within the contracted sales territory. Allen was paid commissions for sales made in Dallas County and some of the unpaid commissions are from sales generated in Dallas County. In November 1977, appellant leased sales space in Market Hall, Dallas, Texas, designating appellee as the person "in charge of the [E]xhibit." This record contains no mention that Dallas County was outside Allen's contracted sales territory.

Additionally, appellant contends that the contract must contemplate performance wholly, or at least primarily, within the county where venue is asserted. We cannot agree that venue may be maintained in the county of contemplated performance only if performance is contemplated to be wholly or substantially therein, but instead we hold that venue is proper in Dallas County because it was a county of contemplated performance.

■ We conclude the proof amply supports the trial court's implied finding that at the time of the making of this contract, the parties contemplated that Dallas County was to be a county of performance within the meaning of subdivision 23. Consequently, the undisputed proof that sales were made in Dallas County, and that commissions were earned therefrom, some of which were paid and some unpaid, satisfies the requirement that part of the cause of action arose in Dallas County where the suit was brought. *Stone Fort National*

*Bank of Nacogdoches v. Forbes*, 126 Tex. 568, 91 S.W.2d 674, 676 (1936); 1 R. McDonald, Texas Civil Practice § 4.30.2 (rev. 1965).

Affirmed.