WADE & SONS, INC., d/b/a Consolidated Service Company, Appellant,

v.

WACO CONSTRUCTION, INC., Appellee.

No. 16440.

Court of Civil Appeals of Texas, San Antonio.

Feb. 11, 1981.

C. G. House, House, Mercer & House, San Antonio, for appellant.

Stephen E. Harrison, II, Waco, for appellee.

## OPINION

CADENA, Chief Justice.

Appellant, Wade & Sons, Inc., d/b/a Consolidated Service Company, complains of an order of the trial court sustaining the plea of privilege filed by appellee, Waco Construction, Inc., and transferring this case from Uvalde County, where the suit was originally filed, to McLennan County, the appellee's domiciliary county.

Appellant filed this suit for breach of contract in Uvalde County against appellee and two other defendants, First State Bank of Uvalde and John S. Graves. Summary judgment was rendered in favor of the bank, leaving appellee and Graves, a resident of Uvalde County, as the only defendants.

In March, 1976, appellee, as prime contractor, entered into a contract with First State Bank of Uvalde, under which appellee agreed to do the construction work for expansion of the bank's facilities according to plans and specifications prepared by Graves, the architect for the expansion project. The following month appellant, by written contract with appellee, agreed to perform all of the electrical work required for the planned expansion. Appellant, in preparing its "take-off" for the bid which it submitted to appellee, overlooked and failed to include in its computations certain lighting fixtures, representing a cost of $12,000.00, which, according to the plans and specifications, were to be selected by the bank and Graves as the work progressed. After the contract between appellant and appellee had been signed, appellant discovered its mistake in December, 1976, or January, 1977, when it received a quoted price from the supplier of the fixtures in question.

Appellant called the attention of the architect, Graves, to the fact that the cost of the fixtures had been accidentally omitted when appellant submitted its bid. According to appellant, Graves stated that there was no cause for concern and that the problem would "be taken care of." At a meeting between appellant and bank officials, arranged by Graves, appellant was told by the bank officials that there was nothing the bank could do other than express its regret.

Appellee, at the request of Graves, then suggested that appellant revise its application for payment and sign a change order reflecting the removal of the lighting fixture items from appellant's subcontractual responsibility. Although appellant refused to sign such change order, he continued working on the project and performed all work required by his contract with appellee. However, when appellant refused to sign the change order, appellee discontinued making payments to appellant.

In its petition, appellant alleged that it had made the mistake and that appellee and Graves realized that the mistake had been made and fraudulently concealed that fact from appellant and induced appellant to sign the contract in question. Appellant also sought recovery on the theories of breach of contract and quantum meruit and sought reformation of the contract.

In its attempt to maintain venue in Uvalde County, appellant relies on subdivisions 4, 5(a), 7, 23 and 29a of our general venue statute. Article 1995, Tex.Rev.Civ. Stat.Ann. (Vernon 1964).

■ We conclude that venue was properly maintainable in Uvalde County under the portion of subdivision 23 of Article 1995, Tex.Rev.Civ.Stat.Ann. (Vernon 1964) which permits a suit against a corporation to be brought "in the county in which the cause of action or part thereof arose."

■ Appellant alleged and proved a cause of action against appellee for breach of contract, since the evidence establishes that appellee failed to pay for all of the work done by appellant even if appellant is not entitled to additional remuneration for installation of the light fixtures.

■ A "cause of action" consists of the factual propositions which establish the primary right of plaintiff (and a corresponding duty on the part of defendant) and defendant's act or omission which violates such right (breach of duty by defendant). This means "that either some part of the transaction creating the primary right, or some part of the transaction relating to the breach of that right, must have occurred in the county where the suit is brought." *Stone Fort National Bank of Nacogdoches v. Forbess*, 126 Tex. 568, 91 S.W.2d 674, 676 (1936).

There are several cases in which it is said that in a suit for breach of contract a plaintiff relying on subdivision 23 must prove that the contract was either made or breached in the county in which suit is filed. *See e. g., Allan Construction Company v. Parker Bros. & Co., Inc.*, 535 S.W.2d 751, 753 (Tex.Civ.App.—Beaumont 1976, no

writ); *Delhi Gas Pipeline Corp. v. Allgood*, 492 S.W.2d 651, 654 (Tex.Civ.App.—Tyler 1973, no writ). But it is incorrect to conclude that such cases establish the rule that the only factors to be considered are the place where the contract was made and the place where the breach occurred.

As early as 1854 the Texas Supreme Court held that in determining venue in a case involving breach of contract, the contract, its performance and its breach are the essential elements of plaintiff's cause of action. *Phillio v. Blythe*, 12 Tex. 124 (1854). This clearly shows that the scope of the inquiry is wider than indicated in cases such as *Allan Construction* and *Delhi Gas.*

■ A plaintiff seeking recovery for services performed by him under a contract does not establish a right merely by showing that the contract was made. His right to recover is not established merely by showing that he and defendant entered into a contract. Plaintiff's right to recover, which gives rise to defendant's duty to pay for the services rendered, cannot arise until such services have been rendered. Until proof of performance is made, defendant is under no duty to pay and, therefore, cannot be held to have breached such duty. In such a case, clearly some part of the transaction which created the right occurred in the county where plaintiff performed. This has long been recognized by our courts. *See*, in addition to *Phillio, Gay Ranch Co. v. Rowland*, 50 S.W. 1086 (Tex.Civ.App.—San Antonio 1899, no writ).

A respected commentator has said that where plaintiff sues to be compensated for services performed "for defendant in a county other than that in which (a) the contract was entered into, and (b) the refusal to pay occurs, venue may be maintained in the county of performance provided the contract stipulated, or the parties contemplated, that the services would be rendered there." 1 R. McDonald, Texas Civil Practice § 4.30.2 at 519–20 (rev. 1965). We need not here determine whether plaintiff must show that the contract stipulated or the parties contemplated that the services be

rendered in the county of suit, since such requirement is met here.

The contract here refers to "Expansion Project 1976, First State Bank, Uvalde, Texas," and requires plaintiff to do all of the electrical work "during the progress of the project." The evidence precludes any conclusion other than that the parties contemplated that appellant's services were to be performed in Uvalde. Since this Court judicially knows that Uvalde is the county seat of Uvalde County, the requirement that the contract stipulated or the parties contemplated that appellant's services were to be performed in Uvalde County is satisfied. *Burtis v. Butler Bros.*, 148 Tex. 543, 226 S.W.2d 825, 829 (1950).

Appellant's suit was properly filed in Uvalde County and the trial court erred in sustaining appellee's plea of privilege. *See Houston Pipe Line Company v. Oxy Petroleum, Inc.*, 597 S.W.2d 57 (Tex.Civ.App.— Corpus Christi 1980, writ dism'd); *Montgomery v. Harris*, 565 S.W.2d 358 (Tex.Civ. App.—Tyler 1978, no writ).

The judgment of the trial court is reversed and judgment is here rendered overruling appellee's plea of privilege.