**GULF ENERGY & DEVELOPMENT CORPORATION, Appellants,**

v.

**D. Truitt DAVIS et al., Appellees.**

**No. 5681.**

Court of Appeals of Texas, Eastland.

Nov. 12, 1981.

Rehearing Denied Dec. 3, 1981.

Michael R. Buchanan, Strasburger & Price, Dallas, for appellant.

William A. Hicks, Stanley Wilson, McMahon, Smart, Wilson, Surovik & Suttle, Abilene, for appellee.

DICKENSON, Justice.

At issue is whether venue can be maintained in the "county of contemplated performance" under subdivision 23 or 27 of Tex.Rev.Civ.Stat.Ann. art. 1995 (Vernon 1964).

D. Truitt Davis and Earl Turner, plaintiffs, sued Gulf Energy & Development Corporation, defendant, for $200,000 plus interest and attorney fees allegedly owed under their written agreement. The agreement was not executed in Taylor County, and it did not provide for payment in Taylor County. Although it did not expressly name Taylor County as the place of contemplated performance, there is evidence that all parties contemplated that plaintiffs would perform some of their obligations in Taylor County. Following a nonjury hearing, defendant's plea of privilege was overruled. Defendant appeals. We affirm.

Defendant has briefed seven points of error. Points 1–4 argue that the trial court erred in holding venue under subdivisions 23 and 27 because "plaintiffs failed to prove a cause of action for breach of contract against defendant." Defendant argues there is no evidence, or factually insufficient evidence, to support the trial court's implied finding that the "Refinery" had been constructed and that such finding is against the great weight of evidence. These points are overruled. The trial court was empowered to resolve this disputed fact issue for venue purposes, and we are not permitted to substitute our judgment for his. *Ray v. Farmers' State Bank of Hart*, 576 S.W.2d 607 (Tex.1979). The test on appeal from an order sustaining or overruling a plea of privilege is the same test applied in an appeal from a judgment on the merits. *Banks v. Collins*, 152 Tex. 265, 257 S.W.2d 97 (1953). We find that there is evidence which is legally and factually suf-

ficient to support the trial court's implied finding that the contemplated refinery had been constructed. *In re King's Estate,* 160 Tex. 662, 244 S.W.2d 660 (1951).

Plaintiffs and defendant executed an agreement on October 9, 1975, which referred to an earlier letter agreement relating to "a South Texas energy refinery having a plant capacity of 30,000 barrels per day (the 'Refinery')" and which specifically provided that the 1975 agreement "shall and hereby does terminate, cancel and supersede" that earlier agreement. The agreement then provided that:

> For the services to be performed or which have been performed by Davis and/or Turner in connection with the Refinery, Gulf Energy shall pay Davis and Turner the following:
>
> a. $15,000 each payable $3,000 in cash on October 17, 1975 and by the execution of two non-interest bearing promissory notes. . . .
>
> b. $50,000.00 each in cash payable when Gulf Refinery has obtained a firm commitment for the interim and permanent financing for the Refinery.
>
> c. $50,000 each in cash payable on or before the expiration of sixty (60) days from the date of "successful plant startup." . . .

The 1975 agreement does not define the term, "the Refinery," except by reference to the earlier agreement which it cancelled. Defendant insists that the 30,000 barrel per day definition in the earlier agreement also applies to the 1975 agreement. Plaintiffs argue that the earlier agreement was canceled, and the 1975 agreement applied to the South Texas refinery which defendant actually built, even though it has a plant capacity of 10,000 barrels per day, and not 30,000 barrels per day. The evidence also shows that the two $15,000 payments have been paid, but the payments set forth in paragraphs "b" and "c," supra, have not been paid.

■ Points 5–7 argue that the trial court erred in finding that the agreement was made or breached in Taylor County. These points are overruled because there is evidence, which is legally and factually sufficient to support the trial court's implied finding that the parties contemplated that some of plaintiffs' duties would be performed in Taylor County.

Testimony at the venue hearing shows that Davis and Turner had been working in Taylor County in connection with the Refinery project, before and after the 1975 agreement was executed, and that defendant's representative had been present in Taylor County on numerous occasions when work was done on the Refinery project.

■ In discussing subdivisions 23 and 27, supra, 1 McDonald, Texas Civil Practice § 4.30.2 (Rev.1981) states:

> (P)laintiff must show that part of the transaction creating the right, or part of the transaction involving the breach, or both, occurred in the county of suit. Where plaintiff performs services for defendant in a county other than that in which (a) the contract was entered into, and (b) the refusal to pay occurs, *venue may be maintained in the county of performance provided* the contract stipulated, or *the parties contemplated, that the services would be rendered there.* . . . (Emphasis added)

Subdivision 23, supra, provides in part: Suits against a private corporation . . . may be brought . . . in the county in which the cause of action or part thereof arose. . . .

Subdivision 27, supra, provides in part: Foreign corporations . . . may be sued in any county where the cause of action or a part thereof accrued. . . .

*Wade & Sons, Inc. v. Waco Construction, Inc.,* 612 S.W.2d 261 (Tex.Civ.App.—San Antonio 1981, no writ), holds that venue is proper under subdivision 23 where there was proof that plaintiff performed services in the county of suit and that the parties contemplated that services would be rendered there. *Elgin Craftsmen, Inc. v. Allen,* 611 S.W.2d 447 (Tex.Civ.App.—Dallas 1980, no writ), held that venue was proper under subdivision 23 because the county of

suit was "a county of performance" and part of the cause of action arose there. *Houston Pipe Line Company v. Oxy Petroleum, Inc.*, 597 S.W.2d 57 (Tex.Civ.App.—Corpus Christi 1980, writ dism'd), held that venue was proper under subdivision 23 because a part of the cause of action arose in the county in which it was contemplated that deliveries of natural gas would take place. *Montgomery v. Harris*, 565 S.W.2d 358 (Tex.Civ.App.—Tyler 1978, no writ), states that venue may be maintained under subdivision 23 in the county in which plaintiff performs services for defendant "provided that the parties contemplated that the services would be rendered in such county." *Robert S. Watson Company v. Southwestern Sound Control, Inc.*, 423 S.W.2d 674 (Tex.Civ.App.—Fort Worth 1968, writ dism'd), holds that venue can be maintained under subdivision 23 in the county in which services were performed "provided the contract stipulated, or the parties contemplated, that the services would be rendered there."

In discussing subdivision 27, Chief Justice Hickman said in *Hoffer Oil Corporation v. Brian*, 38 S.W.2d 596, at 597 (Tex.Civ.App.—Eastland 1931, no writ):

> (A) cause of action may accrue partly in one county and partly in another. We would not say that a cause of action on a contract does not partly accrue in the county where same is made, because the making of the contract is one of the essential facts necessary to be proved in order successfully to maintain a suit thereon. For the same reason, we cannot hold that a part of a cause of action does not accrue in the county of its performance.

Defendant relies upon *Brazos Electric Power Cooperative, Inc. v. Southwestern Gas Pipeline, Inc.*, 555 S.W.2d 168 (Tex. Civ.App.—Eastland 1977, no writ). That case is factually distinguishable because the parties were disputing whether the contract was "breached" in the county of suit.[1] The contract provided that Brazos Electric had the option to "take" gas at its plant in Palo Pinto County *or* at its plant in Parker County, *or* it had the option to "pay" for the gas not taken, and the contract expressly provided that payment was to be made in Harris County. Southwestern was not seeking money damages,[2] but was seeking a declaratory judgment as to its unilateral termination of the contract. This court merely held that Southwestern had not proved that the contract was breached in Palo Pinto County.

Defendant also relies upon *Land O'Pines Dairy Products v. McGraw*, 564 S.W.2d 120 (Tex.Civ.App.—Beaumont 1978, no writ), which held that venue could not be maintained under subdivision 23 in the county in which sales were made in a suit for commissions due because of those sales. It appears that the parties' oral agreement contemplated that the sales would be made in that county. We respectfully disagree with that decision, for the reasons stated by Chief Justice Hickman in *Hoffer Oil Corporation v. Brian*, supra. The other cases cited by defendant are not in point. *Southwest Minerals, Inc. v. McConnell*, 583 S.W.2d 657 (Tex.Civ.App.—Austin 1979, writ ref'd n. r. e.), dealt with negotiations in the county of suit for work to be performed in other counties. The contract in that case was neither made nor breached in the county of suit. *Delhi Gas Pipeline Corporation v. Allgood*, 492 S.W.2d 651 (Tex.Civ.App.—Tyler 1973, no writ), held that: "Neither the royalty provisions of the lease in dispute nor the sales agreement ... makes Upshur County the place of performance of the agreements. Simply because the county where the suit is brought is the county in

---

1. The Appellee's Brief of *Southwestern Gas Pipeline, Inc.*, clearly sets forth the issue as to subdivision 23 in the appeal of that case: "The only disputed issue is whether plaintiff (Southwestern) has shown a *breach* of that contract by the defendant (Brazos Electric) *in Palo Pinto County* (where suit was filed)."

2. Southwestern's vice-president and general manager admitted on cross-examination that Southwestern had not rendered a bill to Brazos Electric showing the amount it was deficient and that Brazos Electric had never refused to pay any amount it might be deficient.

which production of the minerals is had, venue will not lie in that county absent other venue facts. . . ." *Shamrock Oil and Gas Corporation v. Price*, 364 S.W.2d 260 (Tex.Civ.App.—Amarillo 1963, no writ), holds that a cause of action for underpayment of gas royalties was not maintainable in the county where the wells are located, stating: "The agreement to pay the market value was made in Potter County and . . . since no place of performance of that obligation is stated in the leases, the failure was in Potter County. We are unable to see where any part of the transactions creating the primary right . . . accrued in Sherman County."

The judgment of the trial court is affirmed.