## INTERVEST ENERGY AND DEVELOPMENT CORPORATION, Appellant,

v.

## GILLESPIE DRILLING COMPANY, Appellee.

No. 11–82–006–CV.

Court of Appeals of Texas, Eastland.

May 20, 1982.

Donald M. Hunt, Carr, Evans, Fouts & Hunt, Lubbock, for appellant.

James R. Gravley, Glandon, Erwin, Scarborough, Baker & Choate, Abilene, for appellee.

McCLOUD, Chief Justice.

Plaintiff, Gillespie Drilling Company, sued defendant, Intervest Energy and Development Corporation, in Jones County seeking payment for drilling an oil and gas well located in Jones County. Defendant's plea of privilege requesting that the case be transferred to Lubbock County was overruled. We affirm under Tex.Rev.Civ.Stat. Ann. art. 1995, subdivision 23 (Vernon 1964).

The written contract provided that the well was to be drilled in Jones County and payment was to be made in Taylor County. Plaintiff drilled the well in Jones County, and filed its suit in that county seeking payment.

Subdivision 23 provides in part: "Suits against a private corporation ... may be brought ... in the county in which the cause of action or part thereof arose...."

In *Gulf Energy & Development Corporation v. Davis*, 624 S.W.2d 394 (Tex.Civ.App.—Eastland 1981, no writ), we reviewed several recent cases, and held that place of performance by the plaintiff is to be considered in determining whether a part of the cause of action arose in the county of suit. In *Gulf Energy* we distinguished *Brazos Electric Power Cooperative, Inc. v. Southwestern Gas Pipeline, Inc.*, 555 S.W.2d 168 (Tex.Civ.App.—Eastland 1977, no writ), and pointed out that the issue of "performance" by the plaintiff was not urged in *Brazos Electric*.

In the instant case, the contract stipulated that the well would be drilled in Jones County. Plaintiff's performance in Jones County was an essential element of its cause of action. The stipulation regarding payment does not change the fact that plaintiff performed its obligation under the contract in Jones County. See 1 McDonald, Texas Civil Practice § 4.30.2 (Rev.1981); *Phillio v. Blythe*, 12 Tex. 124 (1854); *Wade & Sons, Inc. v. Waco Construction, Inc.*, 612 S.W.2d 261 (Tex.Civ.App.—San Antonio 1981, no writ); *Elgin Craftsmen, Inc. v. Allen*, 611 S.W.2d 447 (Tex.Civ.App.—Dallas, no writ); *Houston Pipe Line Company v. Oxy Petroleum, Inc.*, 597 S.W.2d 57 (Tex.Civ.App.—Corpus Christi 1980, writ dism'd);

*Montgomery v. Harris*, 565 S.W.2d 358 (Tex.Civ.App.—Tyler 1978, no writ).

We hold that a part of the cause of action arose in Jones County.

The judgment of the trial court is affirmed.