VAHLSING, INC., Appellant,

v.

ESCO, LTD, et al., Appellees.

No. 747.

Court of Civil Appeals of Texas,
Corpus Christi.

June 14, 1973.

Rehearing Denied June 28, 1973.

Kelley, Looncy, Alexander & Hiester, Ralph Alexander, John F. Rowin, Edinburg, for appellant.

Adams, Graham, Lewis, Jenkins & Graham, John E. Lewis, McAllen, for appellees.

## OPINION

BISSETT, Justice.

Our previous opinions are withdrawn, and this opinion is substituted therefor.

Venue only is involved in this appeal. Vahlsing, Inc., hereinafter called "Vahlsing", brought suit in Hidalgo County, Texas, against Esco, Ltd., a limited partnership, hereinafter called "Esco", and W. W. Bagley and Sons, a general partnership, hereinafter called "Bagley", for damages resulting from an alleged breach of express and implied warranties arising out of a contract for the purchase and sale of seed corn that was sold by Esco to Vahlsing. Esco did not contest the venue of the action. The partners in Bagley filed a plea of privilege to be sued in Caldwell County, where they resided and were domiciled. Vahlsing sought to maintain venue as to Bagley in Hidalgo County under the provisions of Subdivisions 5 and 29a, Article 1995, Vernon's Ann.Civ.St.

The trial court, after a non-jury hearing, sustained Bagley's plea of privilege, severed the alleged cause of action as to it, and ordered the severed cause transferred to Caldwell County. Vahlsing has appealed. We affirm.

Vahlsing alleged, in its petition, that it purchased 140 bags of Bagley Sweetex No. 2 sweet corn seed from Esco, which seed had been produced for market and prepared for sale by Bagley; that both Esco and Bagley had expressly warranted the condition of said seed and that it was suitable and produced for the purpose of yielding a high grade of marketable sweet corn; that the seed was of poor and defective quality and the harvest was so inferior that it was not marketable; and that the defendants, jointly and severally, are liable to plaintiff on the basis of express and implied warranties.

Vahlsing was engaged in farming operations. Esco was a seed dealer. None of the partners in Esco resided in Hidalgo County. All partners in Bagley were residents of Caldwell County. In November or December, 1970, Mr. McKim, the farm manager for Vahlsing, contacted Mr. Chandler, a salesman from Esco, and told him that Vahlsing wanted some Bagley Sweetex No. 2 corn seed. Esco did not

handle Bagley seed at the time in question, but Chandler told McKim that he could get it. McKim ordered 3,500 pounds of the seed. Delivery was made by Esco to Vahlsing at Monte Alto, Texas. Accompanying such delivery was a written invoice from Esco, dated January 29, 1971, which described the corn seed as "Sweetex No. 2 Bagley", listed the quantity and price, and stated that the seed was:

> "Sold to F. H. Vahlsing, Inc.
> Address Edcouch, Tex
> Ship to Monte Alto Div."

There was printed on the face of the invoice the following:

> "We warrant that seeds or bulbs sold in this container have been labeled as required under State and Federal Laws and that they conform to the label description. We make no other or further warranty, expressed or implied. . . . "

The invoice was signed and receipted (in Monte Alto, Texas) by an authorized representative of Vahlsing and was introduced in evidence, without objection, as the contract that was performable in Hidalgo County pursuant to Subdivision 5 of the venue statute.

The seed was delivered by Esco in sealed bags that had printed thereon "BAGLEY BRAND HYBRID SWEET CORN", and "Produced by W. W. BAGLEY & SONS, Plant Breeders, Martindale, Texas". Attached to each bag were several tags. One such tag contained the words "Bagley Sweetex 2 Sweet Corn". Another tag contained a written "NOTICE TO BUYERS" from Bagley, which stated, in part:

> "Subject to the limitation of liability herein set forth, we warrant that the seeds sold are as described on the container, within recognized tolerances. . . . "

■ In order to sustain venue under Subdivision 5, proof of the existence of a cause of action is not required; the single fact that plaintiff is required to prove is that the defendant contracted in writing to perform the obligation sued upon in the county of suit and that such instrument of writing expressly named that county, or a definite place therein, as the place where the obligation is to be performed. Petroleum Producers Co. v. Steffens, 139 Tex. 257, 162 S.W.2d 698 (1942); Wood Motor Co. v. Hawkins, 226 S.W.2d 487 (Tex.Civ. App.—Texarkana 1949, n. w. h.). If the written instrument states a definite place where the contract is to be performed, such definite place may be identified as being located within a particular county by extraneous proof. Burtis v. Butler Bros., 148 Tex. 543, 226 S.W.2d 825 (1950).

It is established by the evidence that Monte Alto is in Hidalgo County, Texas. The contract is in writing, and Esco's obligation to deliver the seed was performable at Vahlsing's Monte Alto Division, which was shown to be located at Monte Alto, Texas. Any breach of the contract by Esco, such as that arising from inferior quality of the seed delivered, would have occured in Monte Alto, Texas. Vahlsing established venue in Hidalgo County against Esco under Subdivision 5 of the venue statute.

■ However, the record does not show that the partners in Bagley were necessary to the cause of action asserted against Esco. Where the plaintiff, if he recovers, is entitled to a joint judgment against two or more defendants and the suit is maintainable in the county where brought as to one of the defendants under another subdivision of the venue statute, the other defendants are necessary parties within the scope of Subdivision 29a. Commonwealth Bank & Trust Co. v. Heid Bros., 122 Tex. 56, 52 S.W.2d 74 (1932). Consequently, Vahlsing would be entitled to maintain venue againt Bagley by alleging and proving a joint cause of action against Esco and Bagley, that the partners in Bagley are necessary parties to the suit, and that the suit is maintainable against Esco in Hidalgo County. This was not done.

Vahlsing did not allege or prove any transaction between it and Bagley, nor did it allege that Bagley is liable to it because of any breach of the warranty that appears in Esco's invoice. There are no allegations and no proof that Bagley and Esco jointly made the warranty that appears on the invoice. Chandler, in his conversations with McKim, made no representations as to anything. McKim did not have any dealings with Bagley. Esco was not a seed dealer for Bagley; a vendor-vendee relationship between them was not established. Vahlsing did not purchase any of the seed directly from Bagley. There is no evidence that any representative of Bagley had anything whatever to do with either the contracting, delivering or invoicing the seed to Vahlsing. Esco separately made the warranty that appears on the invoice and only Bagley made the warranty that appears on the tags affixed to each bag of seed. Each warranty is entirely different from the other. Vahlsing did not allege in its petition that the partners in Esco were necessary parties to its suit against Esco. It is true that Vahlsing did allege that both Esco and Bagley, "jointly or severally, are liable for such breach of express warranty", and that "all of said defendants are liable to plaintiff on the basis of implied warranty", but there is no proof of their joint responsibility, and this was a burden that Vahlsing had to meet in order to retain venue in Hidalgo County against Bagley. Loop Cold Storage Co. v. South Texas Packers, Inc., 491 S.W.2d 106 (Tex. Sup.1973).

To be a necessary party under Subdivision 29a, Bagley's joinder in the Hidalgo County suit must be necessary to afford Vahlsing (plaintiff) the complete relief to which it is entitled under the facts of its case against Esco. Ladner v. Reliance Corporation, 156 Tex. 158, 293 S.W.2d 758 (1956); Union Bus Lines v. Byrd, 142 Tex. 257, 177 S.W.2d 774 (1944); Weaver v. Acme Finance Company, 407 S.W.2d 227 (Tex.Civ.App.—Corpus Christi 1966, n. w. h.). It was, therefore, incumbent upon Vahlsing not only to allege the facts which made the partners in Bagley necessary parties to the suit within the meaning of Subdivision 29a, but to also prove by independent evidence all of such facts except those which are taken as admitted under the pleadings or which are established as a matter of law by the allegations of the petition. To hold the Bagley partners as necessary parties, Vahlsing was required to prove that the partners in Bagley had an interest in the subject matter of the suit against Esco which would be affected by any decree completely adjudicating the rights of Vahlsing and Esco, or that no effectual decree could be rendered between Vahlsing and Esco without Bagley's joinder. Ladner v. Reliance Corporation, supra. Vahlsing did not meet its burden.

The only relief sought by Vahlsing against Esco is a money judgment for damages. The presence of the Bagley partners as parties to the suit is not essential to Vahlsing's right to a judgment for money damages against Esco. Dina Pak Corporation v. May Aluminum, Inc., 417 S.W.2d 419 (Tex.Civ.App.—Corpus Christi 1967, n. w. h.). That relief may be had against Esco alone. The absence of the Bagley partners could not be a bar to a money judgment against Esco. Smith Tank & Equipment Co. v. Shaffer Tool Works Co., 439 S.W.2d 679 (Tex.Civ.App. —Tyler 1969, n. w. h.); Cockburn Oil Corp. v. Newman, 244 S.W.2d 845 (Tex. Civ.App.—Eastland 1951, n. w. h.).

The possibility that Vahlsing may be able to recover only a part of its alleged damages against Esco is not a factor which affects the determination of whether Bagley is a necessary party under the venue statute. Loop Cold Storage Co. v. South Texas Packers, Inc., supra. The partners in the firm W. W. Bagley and Sons are not necessary parties to Vahlsing's suit against Esco within the meaning of Subdivision 29a, Article 1995g, V.A.C.S. Vahlsing's point is overruled. Vahlsing's motions for rehearing, heretofore filed, are overruled.

The judgment of the trial court is affirmed.