ANGLER'S LODGE, INC., Appellant,

v.

Larry SCRUGGS et vir., Appellees.

No. 15431.

Court of Civil Appeals of Texas, San Antonio.

Dec. 10, 1975.

Smith, Davis, Rose, Finley & Hofmann, Richard W. Davis, San Angelo, for appellant.

Alexander, Lowe & Pratt, Odessa, for appellees.

CADENA, Justice.

This is an appeal by Angler's Lodge, Inc., one of several defendants below, from an order of the District Court of Val Verde County overruling its plea of privilege.

On June 23, 1972, plaintiffs, Larry Scruggs and wife, Ann Scruggs, and Angler's Lodge, Inc. (referred to in this opinion as "Angler's"), executed a contract according to which Angler's employed plaintiffs to act in a supervisory capacity in connection with the management, operation and control of defendant's business, known as Angler's Lodge, in Val Verde County. The contract expressly provided that the contract "is entered into and performance is in Val Verde County, Texas" and that venue of any litigation for its enforcement "should lie in Val Verde County. . . . "

The period for which plaintiffs were employed was specified as beginning on April 1, 1972, and continuing until a majority of Angler's shareholders, at a meeting called for that purpose, voted to terminate the contract for good cause.

Angler's agreed to pay plaintiffs $12,-000.00 per year and to furnish them, rent-free, a two-bedroom apartment at the lodge. In addition, Angler's agreed to issue to plaintiffs 35% of Angler's stock which had been issued, or had been authorized to be issued. The stock was to be held in trust for plaintiffs by three trustees, A. D. Brown, Dennis Winterrowd and David B. Read, who were to hold such stock and distribute it to plaintiffs according to a formula based on the percentage to which Angler's original indebtedness had been retired as of the date of the annual shareholders' meeting. The contract prohibited the alienation or pledging of the stock being held in trust for plaintiffs unless the same proportion of stock owned by all other shareholders was pledged or alienated in the same manner.

Plaintiff's petition named as defendants, in addition to Angler's, David B. Read, Dennis Winterrowd and the estate of A. D. Brown, deceased. Read and Winterrowd, two of the parties named in the contract to hold plaintiffs' shares as trustees, were sued individually and as trustees. The third trustee named in the contract, A. D. Brown, had died before this suit was filed, and plaintiffs named his estate, "Individually

and as Trustee of" plaintiffs, as a defendant.

All defendants timely filed pleas of privilege. The pleas of privilege of defendants other than Angler's were sustained, but Angler's assertion of its right to be sued in Tom Green County, alleged to be the site of its principal office, was rejected.

In their controverting affidavit plaintiffs sought to maintain venue in Val Verde County under subdivisions 5, 7, 9a and 23 of our venue statute, Tex.Rev.Civ.Stat.Ann., art. 1995.

Under subdivision 5, a defendant who has entered into a written contract to perform an obligation in a particular county expressly named in such contract may be sued in such county where the purpose of the suit is the enforcement of such obligation.

In this case, plaintiffs' claim is clearly based on a written contract which calls for performance of certain obligations by Angler's. There is no contention that Angler's is not bound by such contract. The contract expressly recites that " . . . performance is in Val Verde County. . . ." All of the venue facts necessary to enable plaintiffs to invoke the protection of subdivision 5 are established.

Angler's insists that plaintiffs' petition contains no allegations that it has neglected to perform any obligation imposed on it by the contract.

The petition alleges that Read, president of Angler's, discharged him without "good cause." It is alleged that plaintiffs' remedy against Angler's "is, by contract, specific performance," and plaintiffs pray that the contract, be specifically enforced. It is true, as Angler's points out, that this allegation and plea for relief is couched in unusually broad language, but Angler's did not except to the pleading. Plaintiffs pray for "triple damages allowed by Article 4004 of the Revised Civil Statutes of Texas, because of the fraudulent acts of these Defendants in their . . . refusal to issue the stock according to their trust; . . ." Finally, plaintiffs pray that Angler's be enjoined from selling any of the corporate stock without "compliance with . . . the contract of employment between" Angler's and plaintiffs. Finally, it is alleged that plaintiffs have "been barred from the operation of the corporate business, the Angler's Lodge, Inc."

Despite the generality and consequent vagueness of the allegations, it must be concluded that, in the absence of a challenge based on the obvious lack of specificity, plaintiffs are seeking the enforcement of the obligations imposed on Angler's by the written contract. The language of subdivision 5 makes it clear that it is applicable if the pleadings disclose that the suit is based on an obligation, in writing, performable in a county named in such writing, proof of the existence of a cause of action is not required. That is, it was not incumbent on plaintiffs to produce evidence establishing performance of conditions precedent, breach of the contract by Angler's, or negativing special defenses. *Southwestern Investment Co. v. Allen,* 160 Tex. 258, 328 S.W.2d 866 (1959); *Petroleum Producers Co. v. Steffens, et al.,* 139 Tex. 257, 162 S.W.2d 698 (1942); 1 McDonald, Texas Civil Practice § 4.11.1, pp. 444–45 (1965 rev.).

Since venue lies in Val Verde County under subdivision 5, it is unnecessary to consider the applicability of the other subdivisions relied on by plaintiffs.

The judgment of the trial court is affirmed.