**ANGLO EXPLORATION CORPORA-
TION, A. W. Dugan and Lydia
Dugan, Appellants,**

v.

**John GRAYSHON, Appellee.**

**No. 16033.**

Court of Civil Appeals of Texas,
San Antonio.

Jan. 24, 1979.

Rehearing Denied March 14, 1979.

William G. Lowerre, Foreman, Dyess, Prewett, Rosenberg & Henderson, Houston, for appellants.

Frederick R. Zlotucha, A. L. Hernden, Royal D. Adams, San Antonio, for appellee.

KLINGEMAN, Justice.

This is an appeal from an order of the District Court of Webb County, Texas, overruling pleas of privilege of appellants Anglo Exploration Corporation, A. W. Dugan and/or Lydia Dugan. The nature of plaintiff John Grayshon's suit will be more fully discussed hereinafter, but basically, his cause of action alleges that he is entitled to twenty per cent of certain oil and gas overriding royalties which were acquired by appellants. The oil and gas properties under consideration are located in Webb County, Texas. Appellants filed individual pleas of privilege praying for transfer of the case to Harris County, Texas, the county of their residence. Appellee thereafter filed his controverting plea in which he asserts that venue is maintainable in Webb County, Texas, pursuant to Article 1995, and, specifically, under Subdivision 7 (suits for fraud); Subdivision 14 (suits for recovery of land); Subdivision 27 (suits against foreign corporations); and Subdivision 29a (suits involving two or more defendants). Tex.Rev.Civ. Stat.Ann. art. 1995, subds. 7, 14, 27 & 29a (Vernon 1964).

The parties stipulated as to certain facts at the non-jury venue hearing, and the trial court after the hearing overruled appellants' pleas of privilege. No findings of fact or conclusions of law were requested of, or filed by, the trial court. We will refer to the parties herein as they were designated in the trial court.

We have concluded that this case can properly be decided solely under the provisions of Subdivision 14 and the points of error will be so discussed with reference thereto.[1]

The provisions of Subdivision 14 fixing venue at the situs of land are mandatory where the privilege is properly claimed. *Langdeau v. Burke Investment Co.,* 163 Tex. 526, 358 S.W.2d 553 (1962); *Pena v. Sling,* 135 Tex. 200, 140 S.W.2d 441 (1940); *South Texas Development Co. v. Williams,* 130 Tex. 217, 107 S.W.2d 378 (1937). The necessary venue facts under Subdivision 14 are (1) that the suit is one for the recovery of land or damages thereto, and (2) that the land is situated in the county where the suit is filed. *Piazza v. Phillips,* 153 Tex. 115, 264 S.W.2d 428 (1954); *Cowden v. Cowden,* 143 Tex. 446, 186 S.W.2d 69 (1945); *Kimbell v.*

1. Subdivision 14 of Article 1995 provides an exception to the general venue rule:

   Lands.—Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land or a part thereof, may lie.

   Tex.Rev.Civ.Stat.Ann. art. 1995, subd. 14 (Vernon 1964).

*Roberts*, 264 S.W.2d 763 (Tex.Civ.App.—El Paso 1953, writ dism'd); 1 R. McDonald, Texas Civil Practice § 4.22.1 (rev. 1965).

■ Whether or not the suit is one for recovery of lands or damages thereto is a matter to be determined from the allegations of the plaintiff's petition. *Renwar Oil Corp. v. Lancaster*, 154 Tex. 311, 276 S.W.2d 774 (1955); *Woodworth v. Rogers*, 367 S.W.2d 412 (Tex.Civ.App.—San Antonio 1963, no writ); *Hunt Oil Co. v. Murchison*, 352 S.W.2d 365 (Tex.Civ.App.—Eastland 1961, no writ); *Rogers v. Scaling*, 285 S.W.2d 259 (Tex.Civ.App.—Fort Worth 1955, mand. overr.). The nature of plaintiff's claim is determined by the principal right asserted in plaintiff's petition and the relief sought for the breach thereof. *Brown v. Gulf Television Co.*, 157 Tex. 607, 306 S.W.2d 706 (1957); *Wagner v. Pulliam*, 361 S.W.2d 470 (Tex.Civ.App.—Eastland 1962, no writ).

■ Both a royalty interest and an overriding royalty in minerals are "lands" for the purpose of fixing venue in suits for recovery of such interests or damages thereto, and a mineral estate is an interest in land, and damages to such estate are damages to land. *Tennant v. Dunn*, 130 Tex. 285, 110 S.W.2d 53 (1937); *Texaco Inc. v. Gideon*, 366 S.W.2d 628 (Tex.Civ.App.—Austin 1963, no writ); *Fagadau v. Sand Springs Home*, 337 S.W.2d 744 (Tex.Civ.App.—Amarillo 1960, writ dism'd); *Marshall v. McMurrey*, 303 S.W.2d 811 (Tex.Civ.App.—Eastland 1957, writ dism'd); *Natural Gas Distributing Corp. v. Williams*, 292 S.W.2d 353 (Tex.Civ.App.—Beaumont 1956, writ dism'd); *Case-Pomeroy Oil Corp. v. Pure Oil Co.*, 245 S.W.2d 763 (Tex.Civ.App.—Fort Worth 1952, no writ); *Frost v. Standard Oil Co. of Kansas*, 107 S.W.2d 1037 (Tex.Civ.App.—Galveston 1937, no writ).

The defendants assert four points of error pertaining to Subdivision 14, which may be summarized as follows: the trial court erred in overruling their pleas of privilege because there is (1) no evidence, or alternatively, (2) insufficient evidence, to support a determination that the suit falls within Subdivision 14 of Article 1995; and there is (3) no evidence, or alternatively, (4) insufficient evidence that title to the overriding royalty interest was to be taken in the names of both plaintiff and defendants. Defendants assign other points of error under Subdivisions 7 and 27 of the venue statute.[2] Since we have concluded that Subdivision 14 is determinative of this case we will not discuss those other subdivisions.

Defendants assert that this suit is one for specific performance of a contract or for breach of contract, and is not a suit involving title to lands covered by Subdivision 14. We disagree. Defendants rely heavily on *Calvert v. Greene*, 326 S.W.2d 592 (Tex.Civ. App.—San Antonio 1959, no writ), to support their opposition to venue under Subdivision 14. Defendants' reliance on that case is misplaced. In *Calvert*, the court upheld venue in the county in which the action was filed, which was the situs of the oil, gas and mineral leasehold interests.

The pleadings on which the venue hearing was based are summarized as follows:

(a) The named defendants are Anglo Exploration Corporation, a Delaware corporation authorized to do business in the State of Texas [hereinafter referred to as Anglo]; A. W. Dugan and/or Lydia Dugan. Anglo's registered agent for service is in Houston. A. W. and Lydia Dugan may be served at Anglo's Houston address;

(b) This action involves mineral interests concerning lands in Webb County, Texas;

(c) There existed a fiduciary relationship between plaintiff and defendants prior to and apart from the transactions made the basis of this suit. Plaintiff is a geologist, familiar with oil- and gas-producing properties. He entered into an oral agreement with defendants for the mutual benefit of all parties, wherein

---

2. Defendants bring no points of error that pertain to Subdivision 29a, which was raised in the venue hearing. That subdivision was not discussed in appellants' brief, and we will not consider it on appeal.

they would jointly locate, evaluate, acquire, sell, trade, assign and/or otherwise dispose of prospective oil- and gas-producing properties. The parties agreed there would be a division of profits and/or proceeds from their endeavors, with plaintiff to receive 20% and defendants to receive 80%, including said percentages of any mineral interest retained;

(d) Defendants acquired the "Rettig Lease" in Webb County for a bonus price of $7.50 per acre, after having plaintiff evaluate the land as a reasonable prospect for mineral exploration. Thereafter, the lease was sold by defendants to another corporation by an assignment dated November 25, 1974. The assignment involved in this sale provided for a reservation to the defendants of ⅛th of ⅝ths interest in all oil and/or gas which might be produced from the assigned lands. Plaintiff contends that he became immediately entitled to 20% of the overriding royalty interest retained (20% of ⁵⁄₄₀ths [⅛th], which is equal to ¹⁄₄₀th or 2½% of the total), in all of the oil and gas produced under the terms of the Rettig Lease. Gas is currently being produced on the lease and is being sold. The royalty interest is currently held in the name of Anglo and plaintiff claims a constructive trust over such royalty interest;

(e) Although requested, defendants have refused to account to plaintiff for his pro rata share in said overriding royalties, and for profits from sale of the lease;

(f) Plaintiff prays for 20% of the overriding royalty interest retained by defendants in the assignment of the oil and gas lease, for an accounting, for exemplary damages, and for other relief to compensate him for services rendered pursuant to the oral agreement.

Attached to the petition is a document entitled the "ASSIGNMENT OF OIL AND GAS LEASE," which describes the land in Webb County and reserves to assignor (the defendants) an overriding royalty interest in the oil and gas lease assigned.

Plaintiff's petition clearly seeks to impress a constructive trust on property interests situated in Webb County. The principal right asserted in his suit for which relief is sought is for establishment through a constructive trust of an equitable title to 20% of certain overriding royalties received by defendants under an assignment of an oil, gas and mineral lease covering lands in Webb County. The action for specific performance and for breach of contract is merely ancillary thereto. A suit claiming equitable title to land by means of a constructive trust is a suit for recovery of lands within the meaning of Subdivision 14 of Article 1995. *McDonald v. Follett,* 142 Tex. 616, 180 S.W.2d 334 (1944); *Carstairs v. Bomar,* 119 Tex. 364, 29 S.W.2d 334 (Tex. Comm'n App.1930, opinion adopted); *Levinson v. Slater,* 565 S.W.2d 337 (Tex.Civ.App. —Corpus Christi 1978, no writ); *Woodworth v. Rogers,* 367 S.W.2d 412 (Tex.Civ. App.—San Antonio 1963, no writ); *Rudman v. Chandler,* 255 S.W.2d 592 (Tex.Civ.App.— San Antonio 1953, no writ).

Two recent decisions of the Corpus Christi Court of Civil Appeals are directly in point with the cause before us. One of those cases involves the same defendants as in the present suit under the same type of pleaded agreement. In *Anglo Exploration Corp., et al. v. John Grayshon, et al.,* 576 S.W.2d 151 (Tex.Civ.App.—Corpus Christi 1978), Anglo was sued by Grayshon and Robert W. Hopf to recover certain overriding royalty interests in several oil and gas leases in lands located in Gonzales County, Texas. Defendants there filed pleas of privilege to be sued in the county of their residence, and plaintiffs controverted the pleas, relying on Article 1995, Subdivisions 7, 14, 27 and 29a, exactly as in the instant case. The trial court overruled defendants' pleas of privilege, and the court of civil appeals affirmed the trial court judgment under the provisions of Subdivision 14.

The court's opinion sets forth in detail plaintiffs' petition which is remarkably similar to the pleadings in the case before us. Defendants' contentions in that cause were basically the same as those asserted herein. In upholding the trial court, the court of

civil appeals held that (1) the primary purpose of the suit was not for specific performance of a contract to assign an interest in land, but to establish through a constructive trust an equitable title to 20% of the overriding royalty interest received by the defendants in the lease described therein; (2) the parties were essentially engaged in a joint venture; (3) there was a breach of a confidential relationship resulting in the constructive trust; and (4) a suit claiming an equitable title to lands by means of a constructive trust comes within Subdivision 14.

In *Levinson v. Slater*, 565 S.W.2d 337 (Tex.Civ.App.—Corpus Christi 1978, no writ), an earlier case before the same appellate court, defendants filed a plea of privilege to be sued in the county of their residence, and plaintiffs controverted asserting the suit should remain in Wharton County where the disputed oil and gas leases were located. The trial court overruled defendants' pleas of privilege and the court of civil appeals affirmed, holding (1) that under the allegations in the petition the primary purpose of the suit was to establish through a constructive trust equitable title to an overriding royalty interest in minerals in the leasehold estates; and (2) that a suit by one claiming equitable title to lands by means of constructive trust came within the mandatory provision of Subdivision 14. *Levinson v. Slater* is basically similar to the case before us.

It is undisputed that the land involved in the present case is situated in Webb County, Texas, the county where the suit was brought. The only other venue fact necessary for plaintiff to establish in order to maintain venue in Webb County, Texas, is that his suit is an action for recovery of lands or damages thereto. This is a matter to be determined from the allegations of the plaintiff's petition, and the nature of plaintiff's claim is determined by the principal right asserted and the relief sought for the breach thereof. Under the record herein and the applicable rules and authorities pertaining thereto, this suit is clearly one to recover an interest in lands pursuant to Subdivision 14 of Article 1995.

The trial court correctly overruled defendants' pleas of privilege and properly held venue to be in Webb County. The judgment of the trial court is affirmed.