David J. LEVY, D.O. and Associates et al., Appellants,

v.

LAMAR SAVINGS LEASING CORPORATION, Appellee.

No. 8301.

Court of Civil Appeals of Texas, Beaumont.

July 12, 1979.

**582**

Charles B. Spicer, Jr., Pasadena, James A. Bannerot, Austin, for appellants.

Thomas H. Watkins, Austin, for appellee.

KEITH, Justice.

Defendant below appeals from an order overruling his plea of privilege to be sued in Harris County. We affirm.

Plaintiff brought suit upon a written equipment lease wherein the primary obli-gor on the lease was "David J. Levy, D.O. and Associates", described in plaintiff's petition as an association, and the instrument was signed by David J. Levy "Owner". It was also signed by Levy "As an Individual".

Plaintiff's controverting affidavit relied upon *Tex.Rev.Civ.Stat.Ann. art. 1995, subdiv. 5 (Supp.1978–79).* The venue facts under such subdivision are those stated in *Brazos Valley Harvestore Systems, Inc. v. Beavers,* 535 S.W.2d 797, 800 (Tex.Civ.App. —Tyler 1976, writ dism'd). The plaintiff must prove:

> "(1) that the defendant is a party reached by the statute; (2) that the claim is based upon a written contract; (3) that the contract was entered into by the defendant or one authorized to bind him; and (4) that the contract by its terms provides for performance of the obligation sued upon in the county of suit."

Moreover, as held in *Harkness v. Employers National Life Insurance Co.,* 502 S.W.2d 670, 670 (Tex.1973), this subdivision is "not invoked unless the contract in writing expressly names the county of performance or a definite place therein."

The contract upon which plaintiff sued did not name a particular county wherein defendant was required to perform. Instead, it contained this language:

> "All payments of rent shall be made at the office of Lessor, at the address set forth below Lessor's signature herein, or at such other place as Lessor may designate by attached Schedule 'A', made a part hereof."

Since the contract did not name a specific county of performance, extraneous evidence was admissible to establish the county in which plaintiff's place of business was located. *Garcia v. Coastal Bend Prod. Credit Ass'n,* 430 S.W.2d 385, 386 (Tex.Civ. App.—Corpus Christi 1968, no writ), and authorities therein cited. See also *Bruce Campbell & Son Constr. Co. v. Britton Drive, Inc.,* 527 S.W.2d 852, 854–55 (Tex. Civ.App.—Waco 1975, no writ).

Plaintiff established by evidence of a probative nature the fact that the office of the

lessor was in Travis County, thus satisfying the requirements of *subdiv. 5(a) of Article 1995.*

In establishing its right to maintain the suit in Travis County, plaintiff's counsel offered in evidence a photocopy of the original of the contract between the parties, identifying it through the testimony of its president who was present at the time of the execution thereof.

Defendant objected to the admission of the photocopy of the contract "as not being the best evidence" in the case. This prompted an inquiry by the Court: "Where is the original?" to which plaintiff's counsel replied:

> "I don't have any idea where the original is, but this copy was served upon opposing Counsel at the time that the petition was served . . . ."

The objection was overruled and the photocopy of the lease was received in evidence.

We note that while defendant's controverting affidavit was in proper form, it did not include a verified denial of any of the matters set out in *Tex.R.Civ.P. 93* as required in the third paragraph of *Tex.R. Civ.P. 86.* Moreover, plaintiff proved that the instrument in question was kept in the regular course of business as required by *Tex.Rev.Civ.Stat.Ann. art. 3731b, § 2 (Supp. 1978–79).* Under *Section 4* of the cited statute, "The existence or non-existence of the original shall not affect the admissibility of the reproduction." The complaint is without merit and is now overruled.

Defendant has no point on appeal challenging the failure of plaintiff to prove the existence of a cause of action at the venue hearing. It has long been the law of this state that the single venue fact under *subdivision 5(a)* is that the defendant contracted in writing to perform the obligation in a particular county where the suit is filed or at some definite place therein which is named in the writing. *Southwestern Inv. Co. v. Allen,* 160 Tex. 258, 328 S.W.2d 866, 867 (1959); *Angler's Lodge, Inc. v. Scruggs,* 532 S.W.2d 109, 111 (Tex.Civ.App.—San Antonio 1975, no writ).

Finding no error, the judgment is affirmed.