**FLOURNOY PRODUCTION COMPANY, Appellant,**

v.

**John G. KAIN & Wife, Catherine Douglas Kain, Appellees.**

**No. 16857.**

Court of Appeals of Texas, San Antonio.

Dec. 30, 1981.

---

Parker Ellzey, Alice, for appellant.

Sheryl B. Johnson, Houston, for appellee.

Before KLINGEMAN, CLARK and BASKIN, JJ.

## OPINION

BASKIN, Justice.

This is a venue case. The trial court denied the plea of privilege and appellant, defendant below, appeals. We reverse.

John and Catherine Douglas Kain (plaintiffs) instituted this suit against Flournoy Production Company (defendant) alleging that defendant has breached implied and express covenants of reasonable development under an oil and gas lease executed in 1975 by the plaintiffs' predecessors in interest and defendant's predecessor, covering land in Frio County, Texas. Plaintiffs' original petition gave the volume and page number of the deed records of Frio County in which the oil and gas lease is recorded; and a copy of the lease was attached to and made a part of plaintiffs' original petition. Plaintiffs plead that defendant has successfully drilled at three locations on the leasehold and that the wells so produced are profitable both to plaintiffs and to defendant. Plaintiffs plead that a reasonably prudent oil operator would have drilled and would now be drilling other and additional wells on the lease premises to various depths to test all sands and that failure so to drill and test is a breach of express and implied covenants to explore and develop. Plaintiffs also plead that they have suffered a loss of "not less than Two Million Dollars ($2,000,000)." In its last numbered paragraph plaintiffs plead:

> The awarding of damages for past failure to develop and the enforcement of the contract by decreeing termination of the lease in the event defendant does not reasonably develop is the only method whereby the court can grant Plaintiff complete relief.

> Appellees pray that the order of the trial court overruling the Appellant's Plea of Privilege be sustained and that the case remain in Frio County, Texas where it was originally filed.

Defendant filed a plea of privilege to have the cause removed from Frio County to Jim Wells County. Plaintiffs filed a controverting affidavit invoking §§ 5(a), 14, and 23, art. 1995, Tex.Rev.Civ.Stat.Ann. (Vernon 1981), as exceptions to the general venue statute.

A hearing was had on March 26, 1981, at which the plaintiffs did not introduce any evidence at all. That is, they did not call any witnesses, and they did not introduce any documents. The only proof of any relevant fact as reflected in the Statement of Facts is a stipulation by counsel by both parties that "the property is totally located in Frio County." The only other proof of fact contained in the Statement of Facts was testimony by Elizabeth Ellzey, wife of the attorney for the defendants, to the effect that she knew Mr. Lucien Flournoy, President of Flournoy Productions Company, that Mr. Flournoy lives in Alice, Texas, which is in Jim Wells County and that she personally knew that he lives and votes there. The rest of the Statement of Facts is taken up by legal argument of counsel on the plea of privilege and legal argument of counsel with regard to a subpoena duces tecum for Lucien Flournoy to give his oral deposition in Frio County.

In order to come within the purview of exception 5(a), defendants were required to *prove* a contract in writing designating a particular county or a definite place within a county for performance of an obligation. *Levy v. Lamar Savings Leasing Corp.*, 584 S.W.2d 581 (Tex.Civ.App.—Beaumont 1979, no writ); *Tyson v. Seaport Grain, Inc.*, 388 S.W.2d 731 (Tex.Civ.App.—Corpus Christi 1965, writ dism'd). The trial court, in ascertaining proper venue, must look only to the written contract and may not consider parol evidence. *Owens v.*

*Sherrard Motor Co., Inc.*, 496 S.W.2d 113 (Tex.Civ.App.—Tyler 1973, no writ). In this case the plaintiffs did not prove and offer into evidence a contract in writing which would require that an obligation be performed in Frio County. Plaintiffs pleaded the existence of such a contract and indeed attached the contract both to their original petition and to their controverting affidavit to the plea of privilege. This, however, falls short of proof of the existence of the contract. Furthermore, the contract must state specifically that the obligation is to be performed within a particular county, and it is not enough that the obligation could not be performed in any other county. *Hamilton v. Booher*, 124 S.W.2d 184, 185 (Tex.Civ.App.—Amarillo 1939, no writ). Plaintiffs were not entitled to defeat the plea of privilege under exception 5(a).

In order to avail themselves of exception 23, appellees had the burden of establishing every element of their cause of action, at least a part of which must have arisen in Frio County. *Lloyds Casualty Insurer v. McCrary*, 149 Tex. 172, 229 S.W.2d 605 (Tex.1950); *Clubb Testing Service, Inc. v. Singletary*, 395 S.W.2d 956 (Tex.Civ.App.—San Antonio 1965, no writ). Having failed to introduce any evidence to prove a cause of action, plaintiffs fail to defeat the plea of privilege under subdivision 23.

Plaintiffs also maintain that the trial court's action in overruling the plea of privilege is supported by § 14, art. 1995. To support venue under § 14, plaintiffs must establish that their suit is for recovery of land or damages thereto and that the land is situated in the county of suit. *Cowden v. Cowden*, 143 Tex. 446, 186 S.W.2d 69 (1945); *State Department of Highways and Public Transportation v. Herman*, 578 S.W.2d 442 (Tex.Civ.App.—Texarkana 1979, writ dism'd). The parties having stipulated that the land was in Frio County, we need look only to the pleadings to determine whether this is a suit "for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands." In their pleadings herein, plaintiffs demand that defendant begin and continue to drill with due diligence, that there be consecutive drilling of wells sufficient to complete one for each forty acres, that unless such wells are commenced and drilled the lease be terminated and that the court fix and assess damages which have accrued to the plaintiffs by failure of the defendant reasonably to develop the lease tract. We hold as a matter of law that this cause is one for specific performance of express and implied covenants to develop and for money damages for failure to have done so in the past. As a matter of law this is not a case for damages to land nor for recovery of land nor a suit to quiet title. Furthermore, this court has already held that an action for breach of covenant of reasonable development does not come within the provisions of subdivision 14 of art. 1995, because breach of such a covenant does not entitle the lessor to forfeiture and termination of the mineral estate in the land. *Batex Oil Co. v. La Brisa Land & Cattle Co.*, 352 S.W.2d 769 (Tex.Civ.App.—San Antonio 1961, writ dism'd). Therefore subdivision 14, art. 1995, will not support the denial of the plea of privilege in this case.

Holding as we do, that the denial of the plea of privilege is not supported under subdivisions 5(a), 14, and 23, we hold that the trial court erred in failing to grant the plea of privilege. The judgment is reversed and remanded, with instructions to transfer this case to the District Court of Jim Wells County.