ENERGY RESERVES GROUP, INC., Appellant,

v.

TARINA OIL COMPANY, Appellee.

No. 04–83–00050–CV.

Court of Appeals of Texas, San Antonio.

Dec. 30, 1983.

Morgan L. Copeland, Scott, Douglass & Keeton, Houston, Kirk P. Watson, Austin, for appellant.

Stanley J. Krist, Krist & Scott, Houston, for appellee.

Before ESQUIVEL, REEVES and TI-JERINA, JJ.

## OPINION

ESQUIVEL, Justice.

Appellant Energy Reserves Group, Inc. (ERG), has filed a motion for rehearing setting out therein that this court erred in affirming the judgment of the trial court that the denial of ERG's plea of privilege is

supported under subdivisions 5 and 14 of TEX.REV.CIV.STAT.ANN. art. 1995. ERG's motion is granted and our previous opinion is withdrawn and the following is substituted therefor.

Appellee Tarina Oil Company (Tarina) brought a declaratory judgment suit in La Salle County against ERG, a corporation whose residence and principal place of business is situated in Harris County. ERG filed a plea of privilege to be sued in Harris County and Tarina filed a controverting affidavit relying upon subdivisions 5 and 14 of article 1995. The plea of privilege was overruled and ERG has appealed. We reverse.

We will first discuss whether the denial of the plea of privilege is supported under subdivision 14, article 1995. Said section provides an exception to the general venue rule requiring suit in the defendant's own county and reads as follows:

14. Lands.—Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie.

▪▪▪ To support venue under subdivision 14, a plaintiff must establish that his suit is for recovery of land or damages thereto and that the land is situated in the county of such suit. *Cowden v. Cowden,* 143 Tex. 446, 451, 186 S.W.2d 69, 71 (1945); *Flournoy Production Co. v. Kain,* 626 S.W.2d 850, 853 (Tex.App.—San Antonio 1981, no writ); *Anglo Exploration Corp. v. Grayshon,* 577 S.W.2d 742, 743 (Tex.Civ. App.—San Antonio 1979, writ ref'd n.r.e.). Whether or not the suit is one for recovery of lands or damages thereto is a matter to be determined from the allegations of the plaintiff's petition. *Renwar Oil Corp. v. Lancaster,* 154 Tex. 311, 313, 276 S.W.2d 774, 775 (1955); *Anglo Exploration Corp. v. Grayshon, supra* at 744; *Klein v. Sibley,* 203 S.W.2d 239, 241 (Tex.Civ.App.—San Antonio 1947, no writ).

Tarina's pleadings pertinent to venue were in essence to the effect that (1) Tarina and ERG entered a contract whereby Tarina agreed to rework certain wells, the Cooke A–1, B–1 and C–1 wells, situated on tracts of land covered by leases owned either in full or partially by ERG, and in return, ERG agreed to assign to Tarina an undivided one-half (½) interest in and to said wells and leases; (2) that the basis of this contract was two written farmout agreements executed by Tarina and ERG on July 31, 1981 and subsequently amended and extended in writing; (3) that ERG refused to allow Tarina to rework the two remaining wells, the A–1 and B–1 wells, described in the farmout agreements, basing its refusal on the contention that Tarina had not complied with the terms of the farmout agreements; (4) that ERG's refusal to permit Tarina to continue reworking the wells under the terms of the farmout agreements constituted a breach of contract by ERG; and (5) Tarina in said suit sought a declaratory judgment declaring that the two farmout agreements, together with amendments and extensions thereto, are a legal and enforceable contract and that ERG is holding the leasehold interests described in the farmout agreements as constructive trustee for the benefit of Tarina.

ERG admits that a suit claiming equitable title to land by means of constructive trust does come within subdivision 14 but it argues that the facts set out in the petition merely allege a suit for specific performance of a contract to assign an interest in land and as such is not within subdivision 14 of article 1995. We agree.

▪▪ Upon reviewing the allegations in Tarina's petition, we find the primary nature of this suit is one for specific performance of a contract. We find that it is apparent from the allegations that the only right or title to the land in question which Tarina claims is such, if any, as is derived through the alleged contract which is made the basis for this action, and that to establish and have performed that alleged contract is the real and sole purpose of this suit. True, Tarina has alleged that ERG is

holding the leasehold interest in said land as a constructive trustee for the benefit of Tarina, but there are no allegations to substantiate the creation of such a constructive trust.

■ A primary circumstance from which the law will raise a constructive trust is a breach of a confidential relationship. *Gaines v. Hamman,* 163 Tex. 618, 358 S.W.2d 557, 560 (1962). There is no allegation of the existence of a fiduciary relationship between Tarina and ERG, nor that such relationship was prior to and apart from the transactions made the basis of this suit. Fraud may also give rise to a constructive trust. *Gourley v. Fields,* 348 S.W.2d 787, 790 (Tex.Civ.App.—Eastland 1961, no writ). Tarina does not assert that ERG's actions constituted fraud. Finally, a joint venture can give rise to a constructive trust. *Omohundro v. Matthews,* 161 Tex. 367, 341 S.W.2d 401, 405 (1960). No such allegation is contained in Tarina's petition.

■ A suit for specific performance of a contract to assign an interest in land is not within subdivision 14 of article 1995. *Levinson v. Slater,* 565 S.W.2d 337, 341 (Tex. Civ.App.—Corpus Christi 1978, no writ). Accordingly, we hold that the denial of the plea of privilege was not supported under subdivision 14 of article 1995.

■ Our final inquiry is whether the denial of the plea of privilege is supported under subdivision 5, article 1995. Said section also provides an exception to the general venue rule requiring suit in the defendant's own county, the pertinent part of which reads as follows:

5. Contract in writing.—(a) Subject to the provisions of Subsection (b), if a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile.

\* \* \* \* \* \*

In order to come within the purview of exception 5, Tarina was required to prove a contract in writing designating a particular county or a definite place within a county for performance of an obligation. *Flournoy Production Co. v. Kain,* 626 S.W.2d 850, 852 (Tex.App.—San Antonio 1981, no writ); *Levy v. Lamar Savings Leasing Corp.,* 584 S.W.2d 581, 583 (Tex.Civ.App.—Beaumont 1979, no writ). At the plea of privilege hearing held before the court it was stipulated that ERG was a resident and had its principal place of business in Harris County; and that the land and the wells in question in this suit are situated in La Salle County. Tarina's first amended original petition was admitted into evidence. The two farmout agreements entered into on July 31, 1981, by Tarina and ERG were admitted into evidence. Also introduced into evidence at the plea of privilege hearing was a "limitation of earned assignment" agreement dated August 12, 1981; an extension agreement dated December 1, 1981, granting an extension to "Farmout Agreement, dated July 31, 1981, by and between Energy Reserves Group, Inc., and Tarina Oil Company, Cooke Ranch Area, La Salle County, Texas" for a period of ninety (90) days from the date of October 21, 1981; an amendment, dated February 15, 1982, to certain paragraphs of the farmout agreement covering the Cooke C–1 Well; a letter dated February 26, 1982 from ERG advising Tarina that it had no further right to enter the properties in the Cooke A or B Units because the farmout contract covering the Cooke A–1 Well and the Cooke B–1 Well was terminated by Tarina's failure to commence the recompletion of the Cooke C–1 Well within the 90-day period stipulated in such farmout contract; a letter dated June 10, 1982, from Tarina to ERG disagreeing with ERG's letter of February 26, 1982, and advising ERG that Tarina had completed the rework on the Cooke C–1 Well as of May 18, 1982, and that within 120 days from said date Tarina would exercise its option to reenter and work the Cooke B–1 Well; and a letter dated June 21, 1982 from ERG advising Tarina that the extension granted as to the Cooke C–1 Well farmout

agreement did not cover the farmout agreement as to the Cooke A–1 and Cooke B–1 Wells and any attempt by Tarina to enter the property covered by the A–1 and B–1 Wells farmout agreement would be considered a trespass by ERG. Weldon I. Thompson, president of Tarina, testified at such hearing that Tarina received in Harris County an assignment from ERG to the area designated as Cooke "C".

Under the terms of one of the farmout agreements Tarina was granted the right to enter into the premises within a period of 90 days from July 31, 1981, and reenter and work "No. C–1 Well" located in a tract of land covered by a lease owned by ERG and known as the Cooke "C" Unite Lease in La Salle County. Upon completion of such well as a producer of oil or gas in paying quantities, ERG agreed to assign to Tarina an undivided one-half (½) interest in and to said lease and well, and all of its remaining interest in the working interest production attributable to said well.

Under the terms of the other farmout agreement, if Tarina commenced the reentry operation upon the Cooke C–1 Well within a period of 90 days from July 31, 1981, Tarina was granted an option for a period of 120 days from the date the C–1 Well was recompleted as a producer of oil or gas within which to reenter and rework the Cooke B–1 Well located in a tract of land covered by a lease jointly owned by ERG and others and known as the Cooke "B" Unit Lease in La Salle County. Upon recompletion of the Cooke B–1 Well, ERG agreed to assign to Tarina an undivided one-half (½) interest in and to said Cooke "B" Unit Lease and well, all of its remaining interest in the operating rights pertaining to said well, and all of its remaining interest in the working interest production attributable to said well. The farmout agreement, further provided that in the event Tarina timely commenced reentry operations upon the Cooke B–1 Well, Tarina was granted an option for a period of 120 days from the date said well was recompleted as a producer of oil or gas within which to reenter and work the Cooke A–1 Well located in a tract of land covered by a lease jointly owned by ERG and others and known as the Cooke "A" Unit Lease in La Salle County. Upon recompletion of the Cooke A–1 Well, ERG agreed to assign to Tarina an undivided one-half (½) interest in and to said well and lease, and all of its remaining interest in the working interest production attributable to said well.

We find that Tarina did prove the existence of a contract in writing and that such contract was executed by ERG, but we cannot conclude that the terms of the contract bound ERG to perform any obligation under the contract in the county of suit. We do find that Tarina was to perform under the terms of the contract in La Salle County, but venue under subdivision 5 of article 1995 is not controlled by the place where contract sued upon requires a plaintiff to perform. It is controlled by the place where the contract requires the defendant to perform. *See Harwood v. Hunt,* 473 S.W.2d 287, 290 (Tex.Civ.App.—Beaumont 1971, no writ). In the case before us, Tarina seeks to enforce the following particular obligations by its suit under the contract, i.e.: permission from ERG to reenter the leased premises to rework the remaining A–1 and B–1 wells, and if successful, for an assignment by ERG of its interest in the lease and the wells to Tarina. Neither one of these obligations is required by the contract in question to be performed by ERG in La Salle County.

Tarina having failed to show any exception to the general venue statute, article 1995, so as to show venue of this cause to be in the county of suit, i.e., La Salle County, it follows that ERG's plea of privilege should have been sustained.

The judgment of the trial court is reversed and judgment is rendered transferring this cause to a district court of Harris County, Texas.

All costs are assessed against Tarina Oil Company, appellee herein.

TIJERINA, Justice, dissenting.

I respectfully dissent.

The established general rule of venue provides that a defendant is entitled to be sued in his county of residence unless it clearly appears that one exception set forth in TEX.REV.CIV.STAT.ANN. art. 1995 applies. *See Goodrich v. Superior Oil Co.,* 150 Tex. 159, 237 S.W.2d 969, 972 (1951). In the instant case the evidence favorable to the implied findings and the judgment clearly established that appellant and appellee entered into a written contract whereby appellee was to perform labor and services on appellant's oil and gas well located in La Salle County. It is undisputed that the C–1 Well on the Cooke "C" Unit was located in La Salle County and that appellee reentered and reworked this well increasing production. The dispute as to whether appellee timely performed under the contract will have to be determined on the trial of the merits. The written agreement of the parties appears in the record as exhibit B and exhibit C and provides in pertinent part as follows:

> You agree that in the event we timely commence the re-entry operations upon the C–1 well, we shall have an option for a period of one-hundred twenty (120) days from the date said well is recompleted as a producer of oil or gas ... to re-enter the Cooke B–1 well located on the lands described under lease No. 1 above and to re-work said well ....

> In the event we have timely commenced re-entry operations upon the B–1 well, you grant to us an option for a period of one-hundred twenty (120) days from the date we either recomplete said well as a producer of oil or gas or abandon same as a dry hole, to re-enter the Cooke A–1 well located on the lands covered by leases Nos. 2 through 5 as listed above, ....

> \* \* \* \* \* \*

> (2) During all of our operations on any well your representative shall have full access to the derrick floor at all times and to all information regarding the well.

> \* \* \* \* \* \*

Thus it appears that both appellant and appellee were to perform under the written contract in La Salle County. It was further stipulated that the wells in question were located in La Salle County. Under subdivision 5(a) of article 1995, *supra*, the written contract must expressly name the county of performance or a definite place therein. *Harkness v. Employers National Insurance Co.,* 502 S.W.2d 670 (Tex.1973); *Durant Chevrolet Co. v. Industrial Towel & Uniform Co.,* 624 S.W.2d 628, 630 (Tex.App.—Fort Worth 1981, no writ). Proof of the existence of a cause of action is not required under subdivision 5. *See Vahlsing, Inc. v. Esco Ltd.,* 496 S.W.2d 652, 654 (Tex.Civ.App.—Corpus Christi 1973, writ dism'd). Separate instruments contemporaneously executed as a part of the same transaction and relating to the same subject matter may be construed together as a single instrument. *Harris v. Rowe,* 593 S.W.2d 303, 306 (Tex.1979).

The trial court resolved all disputed fact issues for venue purposes, and the appellate court cannot substitute its judgment for that of the trial court. *Gulf Energy & Development Corp. v. Davis,* 624 S.W.2d 394, 395 (Tex.App.—Eastland 1981, no writ). The exception to exclusive venue was clearly established under subdivision 5(a) of article 1995, *supra*. I would deny the motion for rehearing.