The **CHARLES R. MYERS INSURANCE AGENCY, INC. d/b/a Truckers Insurance of Texas, Appellant,**

v.

**TEXAS LIBERTY CONCRETE, INC. and James Moody, Appellees.**

**No. 04–82–00569–CV.**

Court of Appeals of Texas, San Antonio.

March 7, 1984.

James A. Mayer, San Antonio, for appellant.

Alex Lieber-Alessie, Michael W. Melton, Houston, for appellees.

Before ESQUIVEL, REEVES and DIAL, JJ.

## OPINION

ESQUIVEL, Justice.

This is a venue case.

Appellant, The Charles R. Myers Insurance Agency, Inc., d/b/a Truckers Insurance of Texas (Truckers), a Texas corporation with its principal place of business in San Antonio, Bexar County, Texas, brought suit in Bexar County against appellee, James Moody (Moody), a resident of Harris County and appellee, Texas Liberty Concrete, Inc. (Liberty), a Texas corporation with its principal place of business in Harris County. Truckers sought recovery on the theories of sworn account, breach of contract and quantum meruit. Moody and Liberty each filed a plea of privilege to have the cause removed to Harris County. Truckers filed a controverting affidavit invoking, as exceptions to the general venue statute, subdivision 23 as to Liberty and subdivision 29a as to Moody.[1] The plea of privilege was granted and the cause was ordered transferred to Harris County. Truckers has appealed to this court. We affirm.

1. All subdivision references are to TEX.REV.

The parties concede that venue as to Moody cannot be had in Bexar County until venue as to Liberty is established under that portion of subdivision 23 which permits a suit against a corporation to be brought "in the county in which the cause of action or part thereof arose." The threshold issue of this appeal, therefore, is venue as to Liberty. Accordingly, we will proceed to consider whether this cause is lawfully maintainable in Bexar County, the county of suit, as to Liberty.

We conclude that venue was not properly maintainable in Bexar County as to Liberty under the provisions of subdivision 23.

The essential elements of Truckers' cause of action, brought under the theory of breach of contract, are (1) the contract, (2) its performance and (3) its breach. *See Phillio v. Blythe,* 12 Tex. 124 (1854). It has been well settled by our courts that in order to avail itself of exception 23 Truckers had the burden of establishing every element of its cause of action, a part of which must have arisen in Bexar County, the county of suit. *Stone Fort National Bank of Nacogdoches v. Forbess,* 126 Tex. 568, 572, 91 S.W.2d 674, 676 (1936); *Flournoy Production Co. v. Kain,* 626 S.W.2d 850, 853 (Tex.Civ.App.—San Antonio 1981, no writ).

Truckers alleged a cause of action against Liberty for breach of contract in its pleadings. The evidence presented at the plea of privilege hearing established the existence of a contract, *i.e.,* that Trucker and Liberty agreed that Truckers would place insurance for Liberty, and that Liberty would make payments on those insurance policies to Truckers; that Trucker had placed or written for and on behalf of Liberty various insurance policies including two fleet policies and endorsements, two physical damage policies and endorsements, a short term physical damage policy and endorsement, two equipment floater policies, a fire policy and endorsement, and two umbrella policies, all during the period March 10, 1981, to September 2, 1981; that during the same period Liberty made six

CIV.STAT.ANN. art. 1995 (Vernon 1964).

payments to Truckers on the premiums due on the aforementioned policies, two of which payments were made by checks which were subsequently returned due to insufficient funds; and that during the same period Liberty was given credit by Trucker for unearned premiums on certain of the aforementioned policies that were cancelled. The evidence further showed that the policies were written through various insurance companies and that Truckers placed the insurance for Liberty, got quotes from various insurance companies, and put together the type of insurance requested of them by Liberty. All of this was performed by Truckers in San Antonio, Bexar County, Texas. The evidence is undisputed that only after Truckers placed any insurance for Liberty would Truckers notify Liberty of the placing of the insurance and the premium cost, and Liberty would obligate itself to pay the premiums to Truckers for the insurance.

■ We find no evidence of any agreement between the parties that all services performed by Truckers in order to obtain the requested insurance policy and prior to acceptance of the insurance policy by Liberty would be compensable. The fact that the research policies were assembled in Bexar County is not sufficient to sustain venue in Bexar County. *Cf. National Pump Co., Inc. v. C & L Machinery Co., Inc.,* 565 S.W.2d 331 (Tex.Civ.App.—Amarillo 1978, no writ).

We hold that Truckers has failed to show that a cause of action, or a part thereof, arose in Bexar County.

Trucker's suit was improperly filed in Bexar County and the trial court was correct in sustaining Liberty's plea of privilege.

The judgment of the trial court is affirmed.