SPIRITAS HOLDINGS, INC., Appellant,

v.

DARLING–DELAWARE COMPANY, INC., Appellee.

No. 2–93–163–CV.

Court of Appeals of Texas, Fort Worth.

March 23, 1994.

Rehearing Denied April 26, 1994.

Figari & Davenport, L.L.P., and Ernest E. Figari, Jr., Donald Colleluori, Jennifer Haltom Doan, Dallas, for appellant.

Kelly, Hart & Hallman, P.C., and Donald E. Herrmann, Fort Worth, for appellee.

Before FARRIS, LATTIMORE and DAY, JJ.

## OPINION

FARRIS, Justice.

Darling–Delaware Company, Inc. (Darling) sued Spiritas Holdings, Inc. (Spiritas) to terminate an asset purchase agreement and to prevent Spiritas from interfering in its attempts to sell the assets covered by that agreement. After denying Spiritas' special exceptions and its motions for summary judgment and to transfer venue, the trial court granted Darling's motion for summary judgment.

On appeal, Spiritas claims the trial court erred in entering judgment for Darling because Darling breached the contract and a breaching party cannot terminate the agreement, and in denying its special exceptions to Darling's motion and its motions to transfer venue and for summary judgment. Because Darling failed to present prima facie evidence that venue was proper in Tarrant County under TEX.CIV.PRAC. & REM.CODE ANN. § 15.035(a) (Vernon 1986), the trial court erred by not transferring the case to Dallas County. *See* TEX.R.CIV.P. 87(3)(c).

The judgment is reversed and the case is ordered transferred to a district court of Dallas County for further proceeding.

Darling is a rendering company that processes animal by-products into finished goods. In 1990, two of Darling's directors, Steven F. Spiritas and William A. Shirley, formed Spiritas to purchase from Darling certain rendering facilities and interests in CBP Resources, Inc.

In consummating the deal, Darling made certain representations and warranties and Spiritas agreed to deposit $500,000 in escrow with First City, Texas–Dallas (Fort Worth Branch) on or before May 14, 1990. The parties also agreed that if Spiritas failed to make the deposit, such failure would not constitute a breach by Spiritas and Darling could cancel the deal under the appropriate termination provision.

Spiritas did not make the deposit on or before May 14, 1990, because it believed Darling violated certain warranties and representations when it began processing raw blood at the Marianna, Florida facility. On May 15, 1990, Darling sued to terminate the agreement and to prevent Spiritas from impeding its negotiations with other buyers. Spiritas moved to transfer venue to Dallas County, its principal place of business, and the trial court denied its motion and proceeded to decide the case.

In point of error four, Spiritas complains the trial court erred in denying its motion to transfer venue. Because Darling relied on an exception to the general venue statute that does not apply here, the trial court erred in denying Spiritas' motion. This error requires reversal and transfer of the case, therefore, we will consider only this point.

The exception Darling relied on is in section 15.035(a) of the Civil Practices and

Remedies Code, the pertinent part of which reads:

> [I]f a person has contracted in writing to perform an obligation in a particular county, expressly naming the county or a definite place in that county by that writing, suit on or by reason of the obligation may be brought against him either in that county or in the county in which the defendant has his domicile.

TEX.CIV.PRAC. & REM.CODE ANN. § 15.035(a) (Vernon 1986).[1] To maintain venue under this exception, Darling had to establish the following facts: (1) Spiritas is a party reached by the statute; (2) its claim is based on a written obligation upon which it bases its recovery; (3) the contract was entered into by Spiritas; and (4) the contract by its terms provides for the performance of the obligation sued upon in the county of the suit. *See id.* at § 15.035(a); *Manges v. Mustang Oil Tool Co.,* 628 S.W.2d 503, 505 (Tex. App.—Corpus Christi 1982, no writ); *Texas American Oil Corp. v. Theo H. Blue Drilling,* 547 S.W.2d 690, 691 (Tex.Civ.App.—El Paso 1977, writ ref'd n.r.e.). Spiritas argues Darling failed to establish fact number (4). Whether Darling established this fact depends upon whether the contract required the "obligation" sought to be enforced to be performed in Tarrant County. *See Cross Roads Drilling Serv., Inc. v. Drillchem, Inc.,* 645 S.W.2d 319 (Tex.App.—Corpus Christi

1982, no writ) (emphasis added). The contract contains no such requirement.

■ The only contract provision that contains a place for performance is the escrow provision.[2] However, Spiritas had no "obligation" to pay this earnest money and Darling does not and cannot sue to force Spiritas to pay it or to secure damages for Spiritas' failure to pay it. Darling can only seek declaratory relief and this is what Darling did by claiming it terminated the deal under paragraph 5.4(e).[3]

Darling claims although it did not sue for payment of the Escrow Amount, section 15.-035(a) still applies because its suit is "by reason of" an obligation to make the escrow payment in Tarrant County. However, when Darling's pleadings are examined, it becomes obvious that the "obligation" sued upon grew out of a contract termination provision, and not the escrow provision, and this provision did not name the county or place of performance.[4] *See, e.g., Energy Reserves Group v. Tarina Oil Co.,* 664 S.W.2d 169, 173 (Tex. App.—San Antonio 1983, no writ); *Briarcliff, Inc. v. Texas Automatic Sprinklers, Inc.,* 472 S.W.2d 860, 862 (Tex.Civ.App.—Dallas 1971, no writ).

Because Spiritas did not contract in writing to perform the obligation upon which suit was brought in Tarrant County, point of

1. Before the venue statute was codified in the Civil Practices and Remedies Code, TEX.REV.CIV. STAT.ANN. art. 1995, § 5(a) contained the venue provision in section 15.035(a).

2. Paragraph 1.2(f) of the agreement contains the escrow provision, which in pertinent part reads:
   > *Escrow of Earnest Money.* On or before May 14, 1990, Buyer shall deposit as earnest money the amount of $500,000 (the "Escrowed Amount") in escrow with First City, Texas—Dallas (Fort Worth Branch) or such other institution as is mutually acceptable to Buyer and Seller (the "Escrow Agent").... Any failure by Buyer to so deposit the Escrowed Amount by such date shall not constitute, nor shall be construed to constitute, a breach by Buyer of this Agreement and Buyer shall have no liability to Seller for any such failure. Seller's recourse for any such failure on the part of Buyer shall be the exercise of Seller's option to terminate this Agreement pursuant to the applicable provisions of Section 5.4 hereof.

3. Paragraph 5.4(e) reads:

   > 5.4 *Termination of Agreement.* This Agreement and the transactions contemplated hereby may be terminated at any time before Closing as follows and in no other manner:
   > ....
   > (e) *Non–Delivery of Escrowed Amount.* By either Buyer or Seller after May 14, 1990, if Buyer has not deposited the Escrowed Amount with the Escrow Agent.
   > ....
   > Notwithstanding the foregoing, a party may not exercise its right of termination pursuant to this Section if such party is, at the time of attempted termination, in breach or violation of any of its obligations under this Agreement.

4. Darling's suit is "by reason of" Spiritas' claim that the agreement remained in force regardless of its failure to make the escrow payment because Darling had breached the agreement and it intended to protect its rights under the agreement, and not "by reason of" an obligation to pay earnest money.

error four is sustained. The trial court's judgment is reversed and the cause is ordered transferred to a district court of Dallas County, Texas. Costs are assessed against Darling.